229 So.2d 37

**Lloyd D. STOUT**

v.

**STATE.**

**3 Div. 25.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1969.

S. G. Culpepper, Jr., and Goodwyn, Smith & Bowman, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from denial of habeas corpus. Appellant was remanded to the Warden of Kilby Prison.

## I

The State's "Return & Answer" to the writ alleged that Stout was held under a mittimus (i. e. an indictment, judgment and sentence of the Jefferson Circuit Court, Birmingham Division). The sentence for three years was passed October 27, 1959 on a plea of guilty.

The court put Stout on probation for five years (with the three-year sentence suspended during that time).

The State's return shows:

"This the 28th day of May, 1962, upon it being shown to the Court that the defendant has violated the terms of his probation, it is ordered by the Court that said probation be and the same is hereby revoked and his sentence put into effect."

Simultaneously with said return, the Attorney General, in writing, moved the court to recall the writ because of said judgment and sentence and also:

"2. For that where, as here, the judgment and sentence of the circuit court are, as to all jurisdictional matters, regular, it is not allowable to impeach the court's jurisdiction by parol testimony on habeas corpus."

No ruling appears as to said motion.

## II

In the appellant's brief, it is argued that the reinstatement of sentence was with the understanding that the service of the three years was to be concurrent with another unspecified sentence.

Although under Code 1940, T. 42, § 24, the court has power over the suspensory period, nevertheless, there is no power thereunder to modify the imprisonmnt period originally pronounced. Persall v. State, 31 Ala.App. 309, 16 So.2d 332. Hence, our statute does not come within the influence of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.

Therefore, since it was pronounced in 1959, the sentence in question was not brought within the influence of the 1961 Amendment of Code 1940, T. 45, § 32. Even if it were within the trial court's power to have prescribed, yet under Crook v. State, 44 Ala.App. 83, 203 So.2d 138(3), concurrency under the 1961 Act can only be authorized and established by a positive expression thereof in the judgment entry itself. Such an expression is plainly absent here. Moreover, even if there existed record evidence to amend the judgment entry (and further were we to concede the power to the trial court to prescribe concurrency on revocation of probation), it is now too late for a nunc pro tunc action. Code 1940, T. 7, § 567.

## III

Reversible error appears because the only evidence to support Stout's detention is unsupported and inconclusive parol testimony. This evidence appears as follows:

"THE COURT: Well, what was he serving back in 1962?

"MR DEAN: He was serving three years from Birmingham. ... Jefferson County.

"MR LOTTMAN: Yes, there is a notation in here of March 30th, 1962.

"THE COURT: Is that this man's record right there?

"MR DEAN: Yes, sir.

"THE COURT: Mr. Lottman, would you like to have an opportunity to look it over there with Mr. Dean?

"MR. LOTTMAN: Your Honor, I am familiar with it—I know there is another case involved here but—

"THE COURT: Well, if it is purely a mechanical problem of his time being finished then the Court will give him credit for it. That's the reason I am giving you an opportunity to look it over because quite oftentimes a prisoner will have several sentences and it gets to be very confusing and I think I have corrected a record or two and although Mr. Dean does a very diligent job occa-

sionally he will make a mistake sometimes like everyone else."

■ Since the State failed to adduce another felony judgment which would show a sentence ahead of that put into effect by the revocation order, the best evidence rule has not been met. The three years has prima facie expired.

Code 1940, T. 45, § 57 reads:

"On the trial of any convict for any offense committed within the penitentiary, or other convict prison or convict camp, the fact of confinement in the penitentiary shall be presumptive evidence of a legal conviction and sentence of imprisonment, and a copy of the transcript of the conviction and sentence filed with the department and certified by it to be correct, shall be received as evidence of such conviction."

See Ex parte Nations, 42 Ala.App. 128, 154 So.2d 762(3).

The judgment below is due to be reversed and the cause is remanded for further proceedings consistent herewith.

Reversed and remanded.