This is a petition for writ of mandamus wherein the petitioner seeks to compel the circuit judge to order his release from jail. The facts are:
 January 7, 1988 Petitioner pleaded guilty to Theft III and was sentenced to 12 months' imprisonment.
January 28 Probation was denied.
 May 6 On petitioner's oral motion, the trial judge, without prior notice to the district attorney, modified and reduced the sentence to 99 days (which the petitioner had already served) and released the petitioner.
 June 4 The district attorney filed a motion to reinstate sentence.
 June 14 After a hearing, the trial judge reinstated the original 12 months' sentence.
In reinstating the original sentence, the trial judge stated, "Although this Court has been under the understanding that Circuit Courts had the authority to modify sentences beyond 30 days from the imposition of sentence as argued in DEFENDANT'S Memorandum of Law, the cases of Stout v. State, 45 Ala. App. 262, 229 So.2d 37 (1969) (paragraph 1), and Ex partePennington, 57 Ala. App. 128, 326 So.2d 656 (1976), although not directly on point, indicate that the Court has no power to suspend the execution of sentence after the date sentence is ordered."
Since there was no motion for new trial or request to modify sentence filed within 30 days of sentencing, the trial judge lost all jurisdiction to modify the defendant's *Page 941 
sentence. Pickron v. State, 475 So.2d 599 (Ala. 1985); State v.Green, 436 So.2d 803 (Ala. 1983). See also Rule 13, Temp.A.R.Cr.P. The circuit court's order of May 6th reducing and modifying the petitioner's sentence was a nullity. Therefore, this petition is due to be denied.
PETITION DENIED.
All Judges concur.