ON RETURN TO REMAND
This case was remanded to the trial court with instructions to conduct a hearing to determine whether Hill had been properly sentenced in cases numbered CC-84-123 (robbery in the third degree), CC-84-124 (burglary in the third degree), and CC-84-126 (robbery in the third degree), 555 So.2d 269. Ala. Code (1975), §§ 13A-8-43; 13A-7-7; 13A-5-6; and 13A-5-9.
The trial court has complied with our instructions and has filed a return. The return shows that the original sentences of 20 years' imprisonment in each case were proper and within the range of sentences authorized by statute. The trial court originally sentenced appellant as a habitual offender with two prior felony convictions on April 12, 1984. However, due to a clerical error, the case action summary failed to reflect that the sentences were enhanced by application of the Habitual Felony Offender Act. No post-trial motions were filed, and no appeals were taken from these convictions.
It is apparent from his petition in the instant case that appellant was misled by the incomplete case action summary and court minutes into believing that he had received excessive sentences.
The return further shows that, even though the original sentences were valid, the trial court, On September 1, 1989, after the completion of the hearing on remand, resentenced appellant to 15 years' imprisonment in each case and ordered the sentences to run concurrently. The record reflects that the trial court was impressed with the good record of appellant in the penitentiary and sought to reduce his sentences in order to enhance his chances of parole.
While we sympathize with the motives of the trial judge, we cannot allow the modified sentences to stand. Under the circumstances presented here, the trial court had no jurisdiction to modify the original sentences. The trial judge lost all jurisdiction to modify the original sentences 30 days after sentencing. Where there is no motion for a new trial or request to modify a sentence filed within 30 days of sentencing, a trial court loses all jurisdiction to modify the sentence. Ex parte Hayden, 531 So.2d 940 (Ala. 1988); A.R.Crim.P.Temp. 13.
The order of the circuit court of September 1, 1989, attempting to reduce and modify the sentences was a nullity and is hereby set aside. The original sentences of 20 years' imprisonment in each case are valid and must stand. The judgment of the lower *Page 1388 
court dismissing appellant's Rule 20 petition is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.