ON REHEARING
On December 29, 1989, this court, in a unanimous order, dismissed the instant appeal, 555 So.2d 1206. That order is hereby held for naught and this cause is restored to the docket of this court.
The State of Alabama has filed an appropriate motion and brief requesting this court to write an opinion.
This appeal arises from the action of the Circuit Court of Baldwin County, Alabama, in an order and judgment dated July 5, 1989. That court directed that certain corrections be made in the length of the sentence to be served by this appellant, Harry M. Touart, Jr. From that order and judgment, which is hereinafter quoted, the State of Alabama has perfected an appeal to this court pursuant to the provisions of Rule 20.10 of A.R.Crim.P. Temp., last amended on February 24, 1987, to be effective April 1, 1987.
 "IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
"State of Alabama,
Plaintiff
"vs.
"Harry M. Touart, Jr.
Defendant
Case No. CC-82-346.01.
DECREE
 "This matter coming on for a hearing, it was submitted upon the petitioner's Rule 20 Motion, testimony taken ore tenus on February 23, 1989, and the written briefs submitted by the State and the Petitioner. Upon consideration of the foregoing, the Court is of the opinion the following order is due to be entered. It is therefore ORDERED, ADJUDGED, and DECREED by the Circuit Court of Baldwin County, Alabama as follows: *Page 1389 
 "1. The Court finds from the evidence that a clerical error was made in the original docket sheet entry.
 "2. The Court also finds that the Defendant's original sentence, even with the clerical error corrected, was grossly disproportionate to the sentences imposed on the co-defendants. The police officer's testimony reflected the fact that this defendant had cooperated with the police and that his efforts resulted in the recovery of some of the property.
 "3. This court fully recognizes that trial Court has no discretion to amend a sentence imposed by the Court after the passage of thirty (30) days. However, as recognized by the Supreme Court in Maddox v. State, 502 So.2d 786 (Ala. 1985) the Eighth Amendment of the United States Constitution can require review of the sentence imposed. The Court having considered all of the evidence in this case is of the opinion that it has the jurisdiction to correct a constitutionally defective sentence. The Court finds from the evidence presented that the original sentence in case number CC 82-346 was constitutionally defective because of the disparity between the sentence imposed on this defendant and the co-defendants.
 "4. The Court therefore grants the relief prayed for by the petitioner and hereby sets aside the original sentence imposed in Case number CC 82-346, and sentences the Defendant to a term of seven (7) years in State penitentiary in Case number CC 82-346. Said sentence is to run concurrent with the other five (5) year sentence that he received.
 "5. The Clerk of the Court is hereby ordered and directed to serve a copy of this order on the Director of the Department of Corrections of the State of Alabama so that the prison record can be changed to conform to the judgment of this Court.
 "6. The defendant be, and is hereby allowed credit for time served on the sentence.
"DONE this the 5th day of July, 1989.
 /s/ Charles C. Partin CIRCUIT JUDGE"
 I
Pursuant to the Rule 20 petition as filed in circuit court, that court did seek to grant relief pursuant to the provisions of Rule 20.1 and also Rule 20.2 of the Rules of Criminal Procedure of this state.
The district attorney had sought the dismissal of the instant Rule 20 petition on authority of Willis v. State,500 So.2d 1324 (Ala.Crim.App. 1986) and, also, Rule 13, A.R.Crim.P.Temp., pointing out to the circuit court that it did not have jurisdiction to entertain the Rule 20 proceeding, inasmuch as the appellant had not filed any type of post-trial motion following his original sentence in circuit court, nor did he attempt to appeal that proceeding to the appellate courts of Alabama. Therefore, the circuit court was without jurisdiction, under the attorney general's motion, to entertain this proceeding as is provided for under the provisions of Rule 20.2(a)(5), A.R.Crim.P.Temp.
As may be seen in examining the order and judgment by the trial court, hereinabove quoted, the trial court sought to correct an error in the judgment and sentence by virtue of which this appellant has been directed to serve consecutive sentences instead of concurrent sentences, as was the case with his two codefendants. That court did make a specific finding that the defendant's original sentence was disproportionate as a matter of law to his codefendants and that, moreover, in examining the records of the court, it was, in fact, a clerical error and directed that this be changed and that the corrected judgment be forwarded to the Department of Corrections of this state.
However, this situation has been previously considered by the Supreme Court of Alabama in that honorable court's opinion known as Ex parte Hayden, 531 So.2d 940 (Ala. 1988); construing Rule 13, A.R.Crim.P.Temp. That court points out that where, as here, there is no motion for a new trial or request to modify a sentence filed within 30 days, the trial court thereby loses all jurisdiction to modify such sentence. *Page 1390 
The quoted judgment of the circuit court in the instant appeal attempts to correct the problem and directs that the appellant be sentenced to consecutive sentences as were his two codefendants.
In the case of Hill v. State, 562 So.2d 1386
(Ala.Crim.App. 1990) on appeal from Mobile Circuit Court, this court, speaking through Judge Patterson has determined:
 "While we sympathize with the motives of the trial judge, we cannot allow the modified sentences to stand. Under the circumstances presented here, the trial court had no jurisdiction to modify the original sentences. The trial judge lost all jurisdiction to modify the original sentences 30 days after sentencing. Where there is no motion for a new trial or request to modify a sentence filed within 30 days of sentencing, a trial court loses all jurisdiction to modify the sentence. Ex parte Hayden, 531 So.2d 940 (Ala. 1988); A.R.Crim.P.Temp. 13."
While we sympathize with the motives of the trial judge under the cases hereinabove quoted and decided, the trial court had no jurisdiction to modify the original sentence of this appellant.
The order of the circuit court of July 5, 1989, attempting to reduce and modify the sentence and make it concurrent, is determined to be a nullity and is hereby set aside. The original sentence in this cause of 15 years is valid and must stand.
However, in the interest of justice, this court believes that the proper procedure at this point is for this court to remand this cause for a new hearing in circuit court. The circuit court will thereby have jurisdiction under this opinion to take the appropriate action to correct the record.
This court is cognizant of the fact that a motion termed "A Motion to Amend the Judgment Nunc pro tunc" should be filed in circuit court by counsel and the circuit court would then have jurisdiction to take the appropriate action to correct the minute entry and judgment of this appellant in this cause.
In view of the above, the action of the lower court seeking to reduce the sentence is determined to be a nullity and is hereby set aside.
This cause is hereby remanded to the circuit court for further proceedings in line with this opinion.
APPLICATION FOR REHEARING GRANTED, CAUSE RESTORED TO DOCKET, CAUSE REMANDED TO CIRCUIT COURT.
All the Judges concur.