646 So.2d 681 (1993)
Greg EDGAR
v.
STATE.
CR-91-1628.
Court of Criminal Appeals of Alabama.
January 22, 1993.
Rehearing Denied May 28, 1993.
Earnest Ray White, Brewton, for appellant.
James H. Evans, Atty. Gen., and Thomas Leverette, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, Greg Edgar, was convicted of driving under the influence of alcohol, in violation of § 32-5A-191(a)(2), Code of Alabama 1975. The only issue presented on appeal is whether the trial court erred in denying his motion for a new trial.
In support of the appellant's motion for a new trial, he presented an affidavit, stating that, during a recess in the trial, and in the presence of the jurors, he was approached by a uniformed deputy sheriff and was placed under arrest. The arrest took place in full view of all the jury members in the hallway where he was standing. The arrest was apparently for a minor traffic infraction in another county which had, in fact, already been resolved. The trial judge was not informed of the incident until after the jury had returned its guilty verdict. The appellant was unable to inform his counsel of the incident until after he was released from the sheriff's custody. He alleges that this occurrence was unduly prejudicial to him, and that, therefore, his right to a fair and impartial jury was violated. The appellant's motion and affidavit was uncontradicted and stand as uncontroverted. He filed his motion for a new trial on July 7, 1992.
Rule 24.4, A.R.Crim.P., provides:
"No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, *682 except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
(Emphasis added.)
The following sequence of events, taken from the trial court's case action summary sheet, is relevant:
July 7"Motion for New Trial filed by defendant." [60-day period of Rule 24.4 began to run.]
July 21"Hearing on Motion for New Trial set for August 6, 1992, at 10:30 a.m. Copies to attorneys."
August 6"Motion for New Trial continued on motion of defendant."
August 14"Motion for New Trial set for hearing on August 27th, 1992 at 1:00 P.M."
August 27"Hearing on Motion for New Trial continued on stipulation."
September 18"Motion for New Trial re-set for hearing on October 13th, 1992 at 9:30 A.M. Notices mailed."
September 23"New Trial automatically denied as of [9/8/92], and transcript due to be filed with Clerk on or before Nov. 3rd, 1992."
October 13"Order filed. Motion for New Trial denied."
The appellant's sentence was pronounced on July 7, 1992. The 60-day period provided for in Rule 24.4 began to run on this date. The hearing on the appellant's motion for new trial was originally set for August 6, 1992. The trial court purported to continue the hearing on August 14, 1992, August 27, 1992, and again on September 18, 1992. However, the case action summary sheet reveals that the trial court did not conform to the mandates of Rule 24.4, A.R.Crim.P., when continuing the hearing. The plain language of Rule 24.4 provides for the continuance of the hearing on the motion if the "express consent" of the parties "appear[s] in the record," and the hearing is continued "to a date certain." Here, the record is devoid of any "express consent" of both parties, and does not show that the hearing was continued "to a date certain." Therefore, the appellant's motion for new trial was denied by operation of law on September 8, 1992.[1]
We hold that, because there was no "express consent" to continue the hearing on the motion for a new trial and because the hearing was not continued "to a date certain," the appellant's motion for a new trial was denied by operation of law, and the trial court was without jurisdiction to hold the October 13, 1992, hearing, or to rule on the merits of the appellant's motion for a new trial.
A similar issue was considered by this court in DeFries v. State, 597 So.2d 742 (Ala.Cr.App.1992), and this court held that, absent the "express consent" of the parties, the trial court's judgment issued after the expiration of the 60-day period of limitations set forth in Rule 13(d), A.R.Crim.P.Temp., now Rule 24.4, A.R.Crim.P., was a nullity. Harrison v. Alabama Power Co., 371 So.2d 19 (Ala.1979) (wherein the Alabama Supreme Court held that where the record did not reflect the express consent of the parties to an extension of the 90-day period for the pendency of post-trial motions, notice of appeal filed more than 42 days from the date on which the motions were deemed denied by operation of law was untimely, and the appellate court was without jurisdiction to consider the appeal).
In the present case, the trial court held the hearing on the motion after the appellant's *683 motion had been denied by operation of law, and any judgment purportedly issued by the trial court on October 13, 1992, was "a nullity and ... of no force and effect." Box v. Box, 536 So.2d 83, 83 (Ala.Civ.App.1988). Any testimony given at the October 13, 1992, hearing likewise is of no consequence and cannot be considered by this court. A notation dated September 23, in the trial court's case action summary sheet indicates that the "New trial [was] automatically denied as of 9/28/92...." The circuit court was therefore without jurisdiction when it held a hearing on October 13, 1992.
The only evidence lawfully before this court concerning the alleged incident is found in the motion for a new trial and the accompanying affidavit. That evidence therefore must be taken as a true statement of what occurred.
Taking the uncontradicted allegations of the appellant as true, as we must, we hold that he is entitled to a new trial. When considering an issue concerning the effect of an outside influence on a jury, the issue is not whether the exposure improperly influenced any member of the jury, "but whether it might have unduly affected any juror to act outside the evidence in arriving at a verdict." Dobard v. State, 435 So.2d 1338, 1340 (Ala. Cr.App.1982), aff'd, 435 So.2d 1351 (Ala. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984); citing Seekers v. State, 35 Ala.App. 40, 44 So.2d 628 (1949), cert. denied, 253 Ala. 420, 44 So.2d 633 (Ala. 1949). See also Phillips v. State, 462 So.2d 981 (Ala.Cr.App.1984). Here, the appellant was arrested in front of the jury members, who ultimately found him guilty of driving under the influence of alcohol. We find that the jurors "might have been unduly affected" to consider outside evidence in arriving at a verdict.
Thus, the judgment is reversed and this cause is remanded to the Circuit Court for Conecuh County for a new trial or other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.[*]
All the Judges concur, except BOWEN, P.J., who dissents with opinion and MONTIEL, J., who joins in that dissent.
BOWEN, Presiding Judge, dissenting.
I dissent. Rather than reverse and remand for a new trial, this Court should "remand this cause for a new hearing [on the motion for new trial] in circuit court. The circuit court will thereby have jurisdiction under this opinion to take the appropriate action [on the motion for new trial]." State v. Touart, 562 So.2d 1388, 1390 (Ala.Cr.App. 1990).
NOTES
[1] The 60th day was actually Saturday, September 5, 1992. However, pursuant to Rule 1.3(c), A.R.Crim.P., if the last day of a period is a Saturday, a Sunday, or a legal holiday, the period runs to the next day that is not a Saturday, Sunday, or a legal holiday, in this case, to Tuesday, September 8, 1992.
[*] Editor's Note: After remand from the Supreme Court, the court on July 8, 1994 affirmed the decision by an unpublished memorandum.