On Application for Rehearing
The opinion of December 17, 1993, is withdrawn and the following is substituted therefor.
The specific question presented in this case is one of first impression involving Rule 24.4, Alabama Rules of Criminal Procedure. Rule 24.4 provides that in the circuit court a motion for new trial is denied by operation of law if not ruled upon by the trial judge within 60 days "after the pronouncement of sentence." The question is: If a criminal defendant moves for a new trial under the provisions of Rule 24, Ala.R.Crim.P., and supports the new trial motion by evidence that was not presented at trial, and the State files nothing to controvert the evidence presented, and the judge allows the motion to be denied by operation of law, then on appeal is the defendant entitled to a reversal for a new trial? The majority of the Court of Criminal Appeals determined that he was and reversed the conviction. The dissenting judges said that the case should only have been remanded for the trial court to conduct a hearing on the motion for new trial and to enter an order either granting or denying the motion.
On its original consideration, this Court affirmed the judgment of the Court of Criminal Appeals that reversed the conviction.
On application for rehearing, the State argues strongly that this Court's original opinion is both legally and factually incorrect and that the provisions of Rule 24.4 should not be interpreted in the same manner as its civil counterpart, Rule 59.1, Ala.R.Civ.P., and that the decision will create serious problems for the criminal justice system. The Alabama District Attorneys Association has filed an amicus brief in which the Association also argues that the opinion unduly emphasizes the provisions of Rule 24.4 *Page 685 
as they apply to finality of judgments, and does not consider the fairness of a reversal for new trial in criminal cases.
We have duly considered each of the arguments made by the State, and the Association, as amicus, and we conclude that our original interpretation of Rule 24.4 is due to be modified. We address some of the arguments made by the State and the Association, and hold that a remand of the case to the trial court would effectuate the intent of Rule 24.4 to obtain finality of the judgment as well as provide the defendant and the State with an opportunity to question whether the defendant was entitled to a new trial.
The Court of Criminal Appeals, with two judges dissenting, held that, because the defendant's motion for new trial was denied by operation of law before the date set for a hearing on the motion, "the trial court was without jurisdiction to hold the . . . hearing, or to rule on the merits of . . . the motion for a new trial," even though the trial court, after the running of the 60-day period, had entered an order purporting to deny the motion.[1] Edgar v. State, 646 So.2d 681, 682
(Ala.Crim.App. 1993). Thus, the Court of Criminal Appeals held that the trial court's order of October 13, 1992, purporting to deny the new trial motion, was a nullity. The Court of Criminal Appeals, properly treating the appeal as an appeal from the denial of the new trial motion by operation of law, reversed the conviction and remanded for a new trial.
The facts are sufficiently stated in the opinion of the Court of Criminal Appeals, but we restate some of them to show the basis for our holding. Greg Edgar was convicted of driving under the influence of alcohol; he was sentenced to one year's imprisonment in the county jail and was ordered to pay $1000 in fines, $50 to the Victims' Compensation Fund, and $341 in costs. He moved for a new trial, and in support of his motion presented an affidavit stating that during a recess in his trial he had been arrested by a uniformed deputy sheriff for a traffic infraction; that the arrest took place in full view of all the jury members;[2] that he was unable to inform his counsel of the incident until after he had been released from custody on that *Page 686 
traffic infraction; and that the trial judge was not informed until after the jury had returned its guilty verdict. He alleged that this arrest was unduly prejudicial to him and violated his right to a fair and impartial jury.
The State did not file a counter-affidavit or otherwise controvert the allegations of the motion or of the affidavit. The motion was deemed denied by operation of law when the trial judge did not rule on it within the 60 days allowed by Rule 24.4. Edgar appealed, and the Court of Criminal Appeals, with two Judges dissenting, held that Edgar was entitled to a new trial because his arrest in front of the jury "might have unduly affected [a] juror to act outside the evidence in arriving at a verdict," quoting Dobard v. State,435 So.2d 1338, 1340 (Ala.Crim.App. 1982), aff'd, 435 So.2d 1351
(Ala. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745,79 L.Ed.2d 203 (1984), citing Seekers v. State, 35 Ala. App. 40,44 So.2d 628 (1949), cert. denied, 253 Ala. 420, 44 So.2d 633
(1949).
Judge Bowen dissented, and was joined by Judge Montiel. Judge Bowen was of the opinion that the Court of Criminal Appeals should "remand [the] cause for a . . . hearing [on the motion for new trial] in circuit court," not reverse the judgment and remand the case for a new trial. Judge Bowen cited State v.Touart, 562 So.2d 1388, 1390 (Ala.Crim.App. 1990), for the proposition that the trial court would have jurisdiction on remand to take appropriate action on the motion for new trial.
The State argues here that Judge Bowen's dissenting opinion correctly stated the law, and that Edgar was, at most, entitled to a remand for an evidentiary hearing on his motion for a new trial. The State claims that the majority's holding conflicts with Ex parte Boatwright, 471 So.2d 1257 (Ala. 1985), and Statev. Touart, 562 So.2d 1388 (Ala.Crim.App. 1990).
In Boatwright, this Court reversed the judgment of the Court of Criminal Appeals affirming Boatwright's conviction and held that "an evidentiary hearing must be held on a coram nobis petition which is meritorious on its face, i.e., one which contains matters and allegations . . . which, if true, entitle the petitioner to relief." Boatwright, 471 So.2d at 1258. InTouart, the Court of Criminal Appeals held that a circuit court did not have jurisdiction to modify a defendant's sentence more than 30 days after its entry, saying "[T]he proper procedure at this point is for this court to remand this cause for a new hearing in circuit court. The circuit court will thereby have jurisdiction under this opinion to take the appropriate action to correct the record." Touart, 562 So.2d at 1390.
The State's argument, we now believe, would best carry out the purpose of Rule 24.4, which, like the purpose of Rule 59.1, Ala.R.Civ.P., is to obtain finality of judgments.
We agree with the majority of the Court of Criminal Appeals that if a motion for new trial, meritorious on its face and supported by an affidavit, as in this case, is denied by operation of law under Rule 24.4, then the judgment that results from the trial judge's failure to rule on the motion should be accorded the same finality as would a judgment resulting from the judge's denial of the motion after conducting a hearing. However, we cannot agree with the majority of that court that the ordinary presumptions that apply to the judge's denial of the motion would apply to the denial of the motion by operation of law.
We find support in our case law for this holding. InPerdue v. Gates, 403 So.2d 165 (Ala. 1981), a case construing Rule 59.1, Alabama Rules of Civil Procedure, which also provides for the denial of a post-trial motion by operation of law, this Court said:
 "[The] defendants' motion[s] [for a J.N.O.V. or, in the alternative, a new trial] [were] denied not by affirmative act of the trial judge, but by operation of Rule 59.1, A.R.[Civ.]P., which provides that a post-trial motion [cannot be pending more than 90 days and is deemed denied at the end of the 90th day]. The parties here argue whether such a denial of a JNOV and new trial carries the usual effect of strengthening the presumption in favor of a jury verdict. See, e.g., Walker v. Cardwell, 348 So.2d 1049
(Ala. 1977). If such is not the *Page 687 
case, the purpose of Rule 59.1 will be undercut, in that denial of post-trial motions by operation of law will probably receive less respect than other final judgments. On the other hand, the rationale for strengthening the presumption of correctness is that the trial judge, who has observed the proceedings, issues an order that the jury verdict is indeed not contrary to the great weight of the evidence and the law; we have no such affirmative statement here."
Perdue, 403 So.2d at 169. Although this case does not involve a question of the sufficiency of the evidence, as Perdue did, we hold that the principle of law stated in Perdue is applicable here and that the purpose of Rule 24.4 is the same as that of its civil counterpart, Rule 59.1 — to get finality of judgments. Both Rule 24.4, Ala.R.Crim.P., and Rule 59.1, Ala.R.Civ.P., should be applied and construed in a manner consistent with this purpose. But, as we stated in Perdue, when the motion is denied by operation of law, we do not have an affirmative statement of the trial judge on the merits of the motion. The finality that attaches to the denial by operation of law is the same as that attaching to a denial by a ruling of the trial court. This does not necessarily mean that the final judgment following the denial by operation of law is accorded the same presumption of correctness.
The major purpose of Rule 59.1, Ala.R.Civ.P., was to make sure that post-trial motions did not remain pending in the trial courts for a long period of time unless the parties consented. At the time Rule 59.1 was adopted, there were many instances in which post-trial motions had remained pending in trial courts for an inordinate length of time. The commentary to Rule 59.1, Ala.R.Civ.P., indicates that "[the] rule [was] designed to remedy any inequities arising from failure of the trial court to dispose of post-trial motions for unduly long periods." Rule 24.4, Ala.R.Crim.P., was likewise designed to require trial judges to rule on post-judgment motions in criminal cases within 60 days after the pronouncement of sentence, a shorter period than is provided for in the civil rule, namely, 90 days. The whole purpose of the Rule is to ensure a speedier resolution of the case. The question presented here, however, is what deference, if any, we should give to the denial of the motion by operation of law. Champ Lyons, in his work on the civil rules, says that "[n]o special significance ought to attach to a denial pursuant to this rule as might accompany a denial after argument and deliberation by the court." 2 Champ Lyons, Jr., Alabama Rules of CivilProcedure Annotated 350 (1986).
The provisions of Rule 24.4 should also be applied and construed in a manner consistent with Rule 1.2, Ala.R.Crim.P., which states:
"Rule 1.2. Purpose, objectives, and construction
 "These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare."
All Rules of Criminal Procedure should be construed and applied to effectuate these purposes.
We hold that where, as here, a criminal defendant's motion for a new trial is denied under the provisions of Rule 24.4, Ala.R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion. This holding is consistent with the above stated purposes. It does not permit a post-trial motion to remain pending in the trial courts for an inordinate period of time. This procedure does not undermine the finality of the judgment, because the only other alternative under the circumstances of *Page 688 
this case would be to reverse the judgment of conviction and remand for a new trial, throwing out not only the judgment denying the motion, but also the judgment on the merits of the case. This resolution also fulfills the purposes of Rule 1.2, Ala.R.Crim.P., of ensuring "fairness in administration, and the elimination of unnecessary delay and expense" that would be caused by granting a new trial before the trial judge had ruled on the motion.
Finally, we note that while neither Rule 24 nor Rule 34, Ala.R.Crim.P., specifically provides that the State can respond to a motion for new trial and file affidavits to controvert the statements or allegations in any affidavits filed by the defendant in support of the motion and while certainly neither of those rules requires the State to do so, we think that it is implicit in the Rules of Criminal Procedure that the State can file a response and affidavits if it desires to do so.See Rule 34, Ala.R.Crim.P. ("Form, Content, and Service of Motions and Requests"). Rule 34 specifies the procedure for responding to motions. In this case the State did not file a response even though the motion was supported by an affidavit. In order to carry out the purpose of the Rules of Criminal Procedure, and to ensure the speedy and less expensive handling of a criminal case, all matters relating to the question of whether to grant a new trial should be dealt with in the trial court. We recognize the State's argument that it would be burdensome to respond to every post-trial motion, but the better practice in cases such as this, where the motion is accompanied by an affidavit alleging facts not presented at trial, is to respond by either controverting or denying the allegations and in some cases even requesting a ruling from the trial judge.
Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals and remand the case for further proceedings consistent with this opinion.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
SHORES, HOUSTON, KENNEDY, INGRAM and COOK, JJ., concur.
[1] Rule 24.4, Ala.R.Crim.P., provides:
 "No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant's attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section."
The Court of Criminal Appeals held that the motion for new trial was denied by operation of law, for the following reasons:
 "The appellant's sentence was pronounced on July 7, 1992. The 60-day period provided for in Rule 24.4 began to run on this date. The hearing on the appellant's motion for new trial was originally set for August 6, 1992. The trial court purported to continue the hearing on August 14, 1992, August 27, 1992, and again on September 18, 1992. However, the case action summary sheet reveals that the trial court did not conform to the mandates of Rule 24.4, A.R.Crim.P., when continuing the hearing. The plain language of Rule 24.4 provides for the continuance of the hearing on the motion if the 'express consent' of the parties 'appear[s] in the record,' and the hearing is continued 'to a date certain.' Here, the record is devoid of any 'express consent' of both parties, and does not show that the hearing was continued 'to a date certain.' Therefore, the appellant's motion for new trial was denied by operation of law on September 8, 1992. [The 60th day was actually a Saturday, but the next business day was Tuesday, September 8.]
 "We hold that, because there was no 'express consent' to continue the hearing on the motion for a new trial and because the hearing was not continued 'to a date certain,' the appellant's motion for a new trial was denied by operation of law, and the trial court was without jurisdiction to hold the October 13, 1992, hearing, or to rule on the merits of the appellant's motion for a new trial."
646 So.2d at 682.
[2] Although the State points out that there is a discrepancy between the date on which Edgar alleges in his affidavit that he was arrested in front of the jurors and the date of his trial, it is clear that he is alleging that he was arrested in the presence of the jury that sat in his case and before it returned a verdict.