The appellant, Charles D. Moore, appeals the summary denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P. We reverse and remand.
The appellant pleaded guilty on December 17, 1998, to second-degree assault, a violation of § 13A-6-21, Ala. Code 1975, and was sentenced to 15 years in prison. The case action summary states: "Sentence imposed in this case to run co-terminus with sentence imposed in case numbered CC-96-6376." (C. 4.) The appellant filed no posttrial motions, and he did not appeal his conviction and sentence. An October 29, 1999, entry on the case action summary reads as follows: "Amend sentence of 12-17-98: CC-96-6376 is not to run co-terminus or concurrent with this case." (C. 6.) The appellant alleged in his Rule 32 petition that the trial court was without jurisdiction to amend his original sentence order so as to provide that the previously imposed concurrent sentence run consecutively. In its initial response, the State argued:
 "Respondent avers that there was no change in Petitioner's sentence. Through each of these steps, Petitioner continued to have a fifteen-year sentence to serve. The Court was well within its jurisdiction to modify how that sentence was to be served, including whether it was served concurrent, consecutive or co-terminus. Petitioner's claim is without merit and due to be denied."
(C. 39.) The State makes the same argument on appeal, with no citation to authority.
This Court and the Alabama Supreme Court have consistently held that a trial court retains jurisdiction to modify a sentence for 30 days after the sentence is pronounced. In the absence of a motion for a new trial or a request to modify a sentence, filed within 30 days after sentencing, the trial court loses all jurisdiction to modify a defendant's sentence at the end of the 30th day. See Ex parte Hitt, 778 So.2d 159 (Ala. 2000); State v. Williams, [Ms. CR-99-1950, August 11, 2000] ___ So.2d ___
(Ala.Crim.App. 2000); Massey v. State, 587 So.2d 448 (Ala.Crim.App. 1991); McGee v. State, 620 So.2d 145 (Ala. Crim App. 1993); State v.Touart, 562 So.2d 1388 (Ala. Crim App. 1990). Rule 26.12(c), Ala.R.Crim.P., appears to give a trial court some leeway to amend a sentence order after the 30-day jurisdictional period has expired: "Reconsideration. *Page 310 
The court may at any time by a nunc pro tunc order provide that previously imposed consecutive sentences run concurrently." The committee comments to Rule 26 state: "Section (c) allows the judge discretion to, at any time, amend a sentence order to permit a sentence to run concurrently with another sentence." However, Rule 26.12 does not authorize the trial court to amend a sentence order to change a concurrent sentence to a consecutive sentence.
In the present case, the record indicates that the trial court amended the appellant's sentence order over 10 months after the appellant had been sentenced and over 9 months after it had lost jurisdiction over the case. We hold, therefore, that the trial court was without authority to amend the original sentence order. The trial court's order of October 29, 1999, attempting to modify the original sentence was a nullity. Consequently, the original sentence order entered on December 17, 1998, still stands. Having adequately stated a ground for relief under Rule 32.1(b), Ala.R.Crim.P., the trial court erred in summarily denying the appellant's petition.[1]
Based on the foregoing, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb and Wise, JJ., concur. Baschab, J., concurs in the result.
[1] The appellant also alleged in his petition, and he argues on appeal, that his trial counsel rendered ineffective assistance because, he says, his counsel failed to respond to his request that he take some action to set aside the October 29, 1999, order. Because the record does not reflect that the appellant had counsel at the time he allegedly made the request for legal assistance, and in light of our holding, we find no merit in the appellant's ineffective-assistance-of-counsel claim.