The appellant, Byron McDade, was convicted of two counts of second-degree assault, violations of § 13A-6-21(a)(2), Ala. Code 1975. Applying the firearm enhancement set forth in § 13A-5-6(a)(5), Ala. Code 1975, the trial court sentenced him to serve concurrent terms of ten years in prison. It then split the sentences and ordered him to serve three years in prison followed by the balance on probation. The appellant filed a motion for a new trial, which was denied by operation of law. See Rule 24.4, Ala.R.Crim.P. This appeal followed.
At trial, five prosecution witnesses testified that the appellant was the aggressor in the assaults. Subsequently, defense counsel called a witness who testified that *Page 378 
the appellant had a good reputation for truthfulness in the community. On cross-examination, the State elicited a response that the witness was not aware of the appellant's prior convictions for receiving stolen property and possession of narcotics. The appellant did not testify during the trial. The appellant argues that the trial court erroneously allowed his motion for a new trial to be denied by operation of law. In his motion for a new trial, he contended that his counsel rendered ineffective assistance at trial, that he was deprived of his right to take the stand on his own behalf, and that the trial court should have sua sponte
instructed the jury on self-defense. In support of his ineffective assistance-of-counsel claim, the appellant specifically alleged that counsel did not object to the trial court's oral charge; did not request a jury instruction on self-defense; should not have called the character witness, who made the introduction of evidence about his prior bad acts possible; and should have called him to testify on his own behalf after evidence about his prior convictions had been admitted.
In support of his motion for a new trial, the appellant submitted an affidavit in which he stated that neither defense counsel nor the trial court explained to him his right to take the stand in his own defense; that defense counsel did not inform him that his prior convictions could be revealed to the jury if a character witness testified; and that, if defense counsel had called him as a witness after his prior convictions had been revealed to the jury, he would have testified that he acted in self-defense. (C.R. 43.) The State did not refute any of the allegations in the appellant's motion for a new trial and affidavit, and the trial court allowed the motion to be denied by operation of law.[1]
In Edgar v. State, 646 So.2d 683, 687 (Ala. 1994), the Alabama Supreme Court addressed a similar situation as follows:
 "We hold that where, as here, a criminal defendant's motion for a new trial is denied under the provisions of Rule 24.4, Ala.R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion."
Based on the Alabama Supreme Court's holding in Edgar, we remand this case to the trial court with instructions that that court make specific, written findings of fact as to each claim the appellant raised in his motion for a new trial. On remand, the trial court may require the State to respond to the motion and/or may conduct a hearing on the motion. If it determines that the appellant is entitled to relief, the trial court may grant such relief as it deems appropriate. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the State's *Page 379 
response, if any; a transcript of the remand proceedings, if any, conducted by the trial court; and the trial court's specific, written findings of fact.
REMANDED WITH INSTRUCTIONS.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] In its brief, the State quotes a January 5, 2002, affidavit from defense counsel in support of its argument that the appellant's ineffective-assistance-of-counsel claims are not meritorious. Although that affidavit was submitted to this court in a supplemental record, it appears to have been filed in the circuit court well after the motion for a new trial was deemed denied. Therefore, in its current context, we cannot consider that affidavit in reviewing the appellant's arguments.