Because this case is factually indistinguishable from Edgar v.State, 646 So.2d 683 (Ala. 1994), we do not have the authority to "authorize a more workable procedure for dealing with a hearing on a motion for a new trial conducted after the expiration of the 60-day period in Rule 24.4[, Ala. R.Crim. P]."879 So.2d at 613. The Alabama Supreme Court promulgated Rule 24.4, Ala. R.Crim. P., and decided Edgar, and we are bound by its decisions. See § 12-3-16, Ala. Code 1975. Furthermore, the majority's decision conflicts with Heard v. State, [Ms. CR-01-1810, August 9, 2002] ___ So.2d ___, ___ (Ala.Crim.App. 2002), in which we stated:
 "[A] motion for a new trial filed pursuant to Rule 24, Ala. R.Crim. P., is deemed denied by operation of law if not ruled on within 60 days from the date of sentencing or if not continued to a date certain upon agreement of the parties and entered of record before the 60-day time period expires.
 "A nunc pro tunc order `cannot be used to enlarge or modify a judgment or to make a judgment say something other than what was originally said.' McGiboney v. McGiboney, 679 So.2d 1066, 1068 (Ala.Civ.App. 1995). The trial court's order attempted to correct a jurisdictional defect, i.e., to restore jurisdiction to the trial court after the posttrial motion had been denied by operation of law pursuant to Rule 24.4, Ala. R.Crim. P. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala. 1999). The circuit court's order was void. Any order attempting to extend the 60-day period provided by Rule 24.4, Ala. R.Crim. P., must be entered before the 60-day period expires. Ex parte Caterpillar, Inc., supra [708 So.2d 142 (Ala. 1997)]."
(Emphasis added.) Finally, parties to an action cannot impliedly consent to, and thereby waive, a jurisdictional defect. Based on the Alabama Supreme Court's decision in Edgar, we should remand this case to the trial court for that court to conduct a new hearing. Therefore, I concur in the result. *Page 615