WISE, Judge.
Tracy Lee Booker was convicted of assault in the first degree, a violation of § 13A-6-20, Ala.Code 1975. He was sentenced to 15 years’ imprisonment. However,. pursuant to the Split Sentence Act, § 15-18-8, Ala.Code 1975, Booker’s sentence was suspended and he was ordered to serve 36 months in prison, followed by 60 months of supervised probation. He was also ordered to pay a $100 assessment to the crime victims compensation fund, $2,830 in restitution, and all court costs.
Booker’s trial began on June 10, 2002, and the jury returned a verdict of guilty on June 12, 2002. On June 27, 2002, Booker retained new counsel to represent him at the sentence hearing and on appeal. Booker was sentenced on September 24, 2002. On October 23, 2002, his counsel filed a motion for a judgment of acquittal or, in the alternative, a motion for a new trial; on November 21, 2002, counsel filed an amended and supplemental motion for a judgment of acquittal or, alternatively, a motion for a new trial. On September 27, 2002, Booker had filed a notice of appeal to this Court.[1] The circuit court did not rule on Booker’s new-trial motion; instead, the court allowed the motion to be denied by operation of law.[2]
In his motion for a new trial and amended and supplemental motion for a new trial, Booker raises numerous allegations of error, including the following claims:
“7. • That' the Defendant did not receive a fair and impartial trial due to eviden-tiary rulings that allowed improper evidence of ‘ collateral crimes, conduct and/or behavior reflective of bad character, all on the part of the Defendant and not related to evidence of guilt as to the crime charged.
“8. That the Defendant did not receive a fair and impartial trial due to certain proceedings in regard to jury selection, the jurors’ answers to voir dire questions, and the out-of-court visit by the jury to the scene of the incident.
“9. That the Defendant did not receive a fair' and impartial trial-due to the State’s use of a post-arrest statement by the Defendant.”
(C. 43.) Additionally, Booker’s amended and supplemental new-trial motion alleged, among other 'things, that his trial counsel had been ineffective, based on “his trial counsel’s failure to object to numerous evi-dentiary matters, jury instructions, failure of requested damages, and introduction of evidence.... ” (C. 47.)
The State .did not refute any of .the allegations in Booker’s motion for a new trial. The motion was denied by operation of law, without a hearing or any ruling by the circuit court.
In Edgar v. State, 646 So.2d 683, 687 (Ala.1994), the Alabama Supreme Court addressed á similar situation:
*662 “We hold that where, as here, a criminal defendant’s motion for a new trial is denied under the provisions of Rule 24.4, Ala.R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion.”
See also Pace v. State, [Ms. CR-01-1249, April 25, 2003] — So.2d -, -(Ala.Crim.App.2003); Benjamin v. State, 889 So.2d 610, 612 (Ala.Crim.App.2003); McDade v. State, 864 So.2d 377, 378 (Ala.Crim.App.2002).
While we express no opinion as to the merits of Booker’s other grounds in his new-trial motion, we note that the aforementioned allegations are of particular concern to this Court, in light of various appellate decisions addressing these issues. See, e.g., Ex parte Vaughn, 869 So.2d 1090 (Ala.2002) (defendant’s conviction reversed as a result of admission of improper evidence of collateral bad acts); Hunter v. State, 802 So.2d 265, 270 (Ala.Crim.App.2000) (same); Tomlin v. State, 695 So.2d 157, 175-76 (Ala.Crim.App.1996) (defendant’s conviction reversed based on juror’s failure to respond truthfully to questions asked during voir dire); Kidd v. State, 649 So.2d 1304, 1307 (Ala.Crim.App.1994) (defendant’s case remanded for court to determine whether use of defendant’s statement violated Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)). Moreover, given that these issues appear to form the underlying basis for Booker’s allegation of ineffective assistance of counsel, based on trial counsel’s failure to object to the aforementioned matters, the circuit court should consider not only the substantive merits of these issues, but also how these issues relate to Booker’s claim of ineffective assistance of counsel.
Based on Edgar, we remand this case for the circuit court to make specific, written findings of fact as to each claim Booker raised in his motion for a new trial. On remand, the circuit court should require the State to respond to the motion and should conduct a hearing on the motion. If the circuit court determines that Booker is entitled to relief on his claims, then the court may grant such relief as it deems appropriate.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include the State’s response, a transcript of the proceedings on remand, and the circuit court’s specific written findings of fact.
REMANDED WITH DIRECTIONS.
MeMILLAN, P.J., and COBB and BASCHAB, JJ., concur.
SHAW, J., dissents.

On Return to Remand

WISE, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
MeMILLAN, P.J., and BASCHAB, J., concur. COBB, J., concurs in the rationale in part and concurs in the result, with opinion. SHAW, J., concurs in the result.

. "[I]n a criminal case, a motion for new trial filed within 30 days after conviction or sentence is not waived by a notice of appeal, ‘regardless of the sequence in which the notice of appeal and the motion are filed.' " Ex parte Walker, 652 So.2d 198, 199 (Ala.1994) (quoting Melvin v. State, 583 So.2d 1365, 1367 (Ala.Crim.App.1991)).

. The case action summary reflects that on October 25, 2002, the circuit court set a motion hearing for December 10, 2002. On November 27, 2002, more than 60 days after Booker was sentenced, the court set the motions for a new trial for hearing on December 10, 2002. However, after an inquiry from this Court regarding the status of Booker’s new-trial motion, the case action summary bears an entry that the motions were "Denied by Operation of Law.” (C. 9.)