The appellant, Christopher Michael Benjamin, was convicted of four counts of attempted murder, violations of § 13A-4-2, and §13A-6-2, Code of Alabama 1975, and one count of shooting into an occupied vehicle, a violation of § 32-5-11, Ala. Code 1975. He was sentenced as a habitual offender to two life sentences on counts one and two of the indictment (both of which charged attempted murder), the sentences to run consecutively, and to two life sentences for counts three and four of the indictment (both of which charged attempted murder), the sentences to run consecutively. The sentence for counts one and two was to run concurrently with the sentence for counts three and four. He was sentenced to 15 years' imprisonment for shooting into an occupied vehicle; the sentence for that conviction was to run concurrently with all the other sentences. Benjamin argues that the trial court erroneously allowed his motion for a new trial to be denied by operation of law, despite the fact that he presented certified evidence of his questionable mental health, which, he says, remains uncontroverted by the State.
In his motion for a new trial, Benjamin raises numerous allegations of error. Of most concern is Benjamin's contention that he was deprived of the effective assistance of counsel:
 "[W]here reasonably effective trial counsel would have investigated the background of Defendant Benjamin prior to trial, and, upon learning of easily accessible materials such as those attached hereto, would have requested a mental evaluation of Defendant Benjamin prior to trial; (See the certified school records of Christopher Michael Benjamin, attached hereto as `Exhibit A', and by reference made a part hereof)."
Additionally, Benjamin argued that "he was incompetent to stand for his sentencing hearing, and that he made the Court aware that, based upon the attached school records, his retained counsel has good reason to believe that Defendant Benjamin was incompetent to stand for sentencing unless a mental evaluation found him to be competent."
In support of his motion for a new trial and as an addendum to that motion, Benjamin submitted an affidavit of Lynn Boyd, *Page 612 
the special education director of the Chilton County schools, along with certified copies of Benjamin's school records, which indicated that as Benjamin progressed in school, his IQ declined; therefore, he argues, there was "good reason" to believe that Benjamin was incompetent to assist at trial or at sentencing.
The State did not refute any of the allegations in Benjamin's motion for a new trial and his affidavit, and the motion was denied by operation of law, without the trial court's ruling on it.
In Edgar v. State, 646 So.2d 683, 687 (Ala. 1994), the Alabama Supreme Court addressed a similar situation:
 "We hold that where, as here, a criminal defendant's motion for a new trial is denied under the provisions of Rule 24.4, Ala. R.Crim. P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion."
See also McDade v. State, 864 So.2d 377 (Ala.Crim.App. 2002).
Based on the Alabama Supreme Court's holding in Edgar, we remand this case to the trial court for that court to make specific, written findings of fact as to each claim Benjamin raised in his motion for a new trial. On remand, the trial court may require the State to respond to the motion and to conduct a hearing on the motion. If it determines that Benjamin is entitled to relief, the trial court may grant such relief as it deems appropriate.
Moreover, this record needs to be clarified on remand. The record indicates, as to the charge of discharging the firearm into the occupied vehicle, that the arrest warrant for the appellant charged a violation of § 13A-11-61(b), but presumably intended to charge § 13A-11-61(a), which states in pertinent part:
 "(a) No person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied . . . automobile . . . in this state."[1]
However, as to this offense, the indictment charged the appellant with a violation of § 32-5-11; that statute provides, in pertinent part:
 "Whoever willfully throws or shoots . . . any deadly or dangerous missile . . . into a motor vehicle that is occupied by one or more persons is guilty of a felony. . . ."
The jury returned a verdict of guilty as charged in the indictment as to this count, and the trial court orally sentenced the appellant under the latter statute. However, the Chilton County transcript of record conviction report cites the appellant with having been convicted of violating § 13A-11-61(b), again presumably meaning § 13A-11-61(a), for this offense. Moreover, the written sentencing order contained in the record shows that the appellant was sentenced pursuant to his conviction of discharging a gun into a occupied building. Presumably, this was meant to refer to the title of § 13A-11-61: "Discharging firearm, etc., into occupied or unoccupied building, etc., prohibited; penalty."[2] *Page 613 
The appellant was convicted for having fired his gun into the victim's occupied vehicle. Further, the notice of appeal filed with this court by the trial court clerk states that the appellant is appealing his conviction for violating §13A-11-61(b), again presumably meaning § 13A-11-61(a). Because the appellant gave oral notice of appeal at trial immediately following his sentencing under his conviction of § 32-5-11, this court has jurisdiction over this matter. These discrepancies in the record as to the offense of which the appellant was convicted and as to which he was sentenced, other than the attempted-murder convictions, should also be clarified in the record on remand.
The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the State's response, if any; a transcript of the proceedings on remand, if any, conducted by the trial court; and the trial court's specific written findings of fact.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Section 13A-11-61(b) establishes that the commission of this offense is punished as a Class B felony.
[2] Section 32-5-11 is entitled: "Throwing or shooting deadly or dangerous missile into occupied vehicle."
* Note from the reporter of decisions: On September 19, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.