McMILLAN, Judge.
 

 The appellant, Jerome Eric Williamson, appeals from his conviction for the unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975. He was sentenced as a habitual offender to 40 years’ imprisonment, his sentence to run concurrently with two other sentences imposed on convictions in Madison County. (CC-99-1773 and CC-99-1038). Williamson was ordered to pay a $1,000 fine, a $100 victims compensation assessment, a $100 fee to the Alabama Forensic Sciences Trust Fund, a $1,000 drug user fee, and assessed court costs.
 

 Williamson argues that the trial court erroneously allowed his motion for a new trial to be denied by operation of law. In his motion, he alleged that his trial counsel had rendered ineffective assistance by depriving him of his right to testify at trial on his own behalf. Williamson submitted this claim in his “supplement” to the motion for a new trial and in his attached affidavit. In his affidavit, he stated that trial counsel “would not permit me to testify at my criminal trial ... He said I could not testify because of my prior convictions.
 
 *366
 
 I expressed to him that my priors were not drug cases but he would not listen. My trial was very short and he rested the defense without allowing me to testify, as was my wish.” Although the motion for a new trial and its “supplement” were denied by operation of law, pursuant to Rule 24.4, Ala. R.Crim. P., the trial court, without making specific findings of fact, purported to deny the motion after it had already been denied under Rule 24.4. The State did not file a response to the motion for a new trial or its supplement.
 

 In
 
 Edgar v. State,
 
 646 So.2d 683, 687 (Ala.1994), the Alabama Supreme Court addressed a similar situation as follows:
 

 “We hold that where, as here, a criminal defendant’s motion for a new trial is denied under the provisions of Rule 24.4, Ala. R.Crim. P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion.”
 

 Based on the Alabama Supreme Court’s holding in
 
 Edgar,
 
 this case is remanded to the trial court with instructions that the court make specific written findings of fact as to Williamson’s ineffective-assistance-of-counsel claim raised in the supplement to his motion for a new trial. On remand, the trial court may require the State to respond to the motion and/or may conduct a hearing on the motion. If the trial court determines that Williamson is entitled to relief, it may grant such relief as it deems necessary. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and with 56 days after the release of this opinion. The return to remand shall include the State’s response, if any; a transcript of the remand proceedings, if any, conducted by the trial court; and the trial court’s specific written findings of fact.
 

 We pretermit any discussion of the remaining issues raised by Williamson until the return to remand is filed with this Court.
 

 REMANDED WITH INSTRUCTIONS
 

 BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur.