Rel: August 23, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

―――――――――――――――

### CR-2023-0462

―――――――――――――――

### J.D.M.

#### v.

### State of Alabama

### Appeal from Lee Circuit Court
### (CC-20-904)

KELLUM, Judge.

The appellant, J.D.M., was convicted of two counts of sodomy in the first degree, see § 13A-6-63(a)(3), Ala. Code 1975, and one count of sexual abuse of a child less than 12 years old, see § 13A-6-69.1, Ala. Code 1975. The Lee Circuit Court sentenced J.D.M. to consecutive terms of life

imprisonment for the sodomy convictions and 20 years' imprisonment for the sexual-abuse conviction. The circuit court ordered J.D.M. to pay a total of $25,000 in fines, $3,000 to the crime victims' compensation fund, and court costs. The circuit court further imposed a total of 10 years of post-release supervision. J.D.M. timely filed a motion for new trial that was denied by operation of law.

On appeal, J.D.M. contends that the circuit court erroneously allowed his motion for a new trial to be denied by operation of law without first conducting an evidentiary hearing and making specific findings of fact. In his motion for a new trial, J.D.M. alleged that he received ineffective assistance of trial counsel based on, he says, his trial counsel's failure to conduct a thorough investigation of the relevant facts of the case or to review the case thoroughly with J.D.M. before trial. In support of his motion, J.D.M. attached a lengthy affidavit in which he argued, among other things, that his trial counsel was ineffective because he failed to file a motion for a mental evaluation or investigate "vital information about [J.D.M.'s] mental state" based on J.D.M.'s combat-related injuries sustained over the course of three combat deployments in the military and that trial counsel did not adequately investigate or

prepare for trial or otherwise exercise due diligence in his representation of J.D.M. Regarding trial counsel's alleged failure to investigate and prepare for trial, J.D.M. specifically alleged that his trial counsel informed him 15 hours before trial that counsel had not spoken with any proposed defense witnesses and ultimately told J.D.M. no witnesses were testifying on his behalf because "he had not contacted anyone"; that counsel failed to obtain crucial medical records; that counsel was presented with information that was vital to J.D.M.'s defense but failed to present any evidence in defense of J.D.M. at trial. (C. 325-28.) In addition to his affidavit, J.D.M. attached additional exhibits that included a 42-page letter he sent to trial counsel and a thumb-drive with "all [of his] physical evidence." (C. 329.)

The State did not file a response to the motion for new trial or otherwise refute any of the allegations in J.D.M.'s motion and in his affidavit, and the motion was denied by operation of law, without the circuit court ruling on the motion.

In Edgar v. State, 646 So. 2d 683 (Ala. 1994), the Alabama Supreme Court stated:

> "We hold that where, as here, a criminal defendant's motion
> for a new trial is denied under the provisions of Rule 24.4, Ala.

3

R. Crim. P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the case remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion."

646 So. 2d at 687. Furthermore, "[i]n order to carry out the purpose of the Rules of Criminal Procedure, and to ensure the speedy and less expensive handling of a criminal case, all matters relating to the question of whether to grant a new trial should be dealt with in the trial court." Id. at 688.

In this case, the motion for new trial was denied by operation of law; thus, there is no affirmative statement by the trial judge giving the denial of the motion a presumption of correctness. Further, J.D.M. supported his motion with evidence that was not presented at trial and the State did not respond to the motion for new trial.

Based on the Alabama Supreme Court's holding in Edgar, we reverse the denial of J.D.M.'s motion for a new trial and remand the case with instructions that the circuit court conduct a hearing on J.D.M.'s ineffective-assistance-of-counsel claims. After the hearing, the circuit

4

court should make specific, written findings of fact as to J.D.M.'s claims. The circuit court may grant or deny relief as it deems appropriate. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 91 days after the release of this opinion. The return to remand shall include the State's response, if any; a transcript of the proceedings on remand conducted by the circuit court; and the circuit court's findings.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.