4 So.2d 514

## PETERS v. STATE.

### 7 Div. 642.

Court of Appeals of Alabama.

July 15, 1941.

Rehearing Denied Oct. 7, 1941.

Motley & Motley and E. L. Roberts, all of Gadsden, for appellant.

280

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Habeas corpus proceeding, wherein petitioner avers that he is imprisoned in the county jail of Etowa County, Alabama, by one Henry W. Smith, Sheriff, under a writ or other paper issued from the Circuit Court of Marshall County, that said writ was improperly issued and is not legal but was issued by the Circuit Court of Marshall County wrongfully, and without probable cause therefor and said papers are unlawful and illegal and he says that his case was reversed in the Court of Appeals of Alabama and that said case was reversed for proper sentence at a regular term of the Marshall County Circuit Court, that said Court has never sentenced him and that he is imprisoned although he has given a good and sufficient bond for his appearance at said regular term of the Circuit Court of Marshall County and that he is ready and willing to appear at said regular term of the Marshall County Court as required by law.

The petition was presented to, and regularly considered, by the Honorable W. M. Rayburn, as Judge of the 10th Judicial Circuit, of the State of Alabama. Said judge denied the writ and from this order and judgment this appeal was taken.

As appears of record, this petitioner was indicted by the grand jury of Marshall County at the fall term 1939 of the circuit court, for the offense of forgery in the 2nd degree, and was tried upon said indictment on the 3rd day of April 1940. The trial resulted in the conviction of the defendant under the following verdict of the jury, viz:

"We the jury find the defendant guilty as charged in the indictment." In this connection the judgment entry recites, "It is therefore considered, ordered and adjudged by the court that the defendant is guilty of forgery as charged in the indictment, etc."

On appeal to this court, from said judgment of conviction, the court ordered and adjudged that no reversible error appeared upon the trial in the court below and therefore duly affirmed said judgment of conviction on March 4, 1941. Ante, p. 77, 200 So. 800. From that date, the defendant (petitioner here) was a convict. This court found it necessary to remand the cause for the sole purpose of correcting the sentence in order that it should conform to the governing statute.

The contention of petitioner that section 3246 Code 1923, Code 1940, tit. 15, § 377, is applicable to this case is untenable. Said section of the Code applies only where the judgment of conviction appealed from is reversed. There has been no reversal of the judgment of conviction in this case. To the contrary, as stated, on March 4, 1941, this court finally adjudicated and held that the defendant was guilty, and henceforth until the expiration of his sentence he was a convict and upon such adjudication this convict should have complied with the provisions of Section 3245, Code 1923, Code 1940, Tit. 15, § 376, which makes it the duty of a defendant to surrender himself to the sheriff of the county, at the county jail, within fifteen days from the date of the affirmance of his case in this court. This, it affirmatively appears he did not do, hence the process issued below was in all respects regular and legal, and the trial judge properly so held.

The circuit courts of the several counties of the State are required to be open for the transaction of any and all business, or judicial proceedings of every kind at all times. Hence said court should proceed at once to follow the mandate of this court, by sentencing this petitioner to a correct and proper period of time in the penitentiary as the law provides.

The action of the lower court in denying the writ in this case is affirmed in all respects.

Affirmed.