The appellant was convicted of manslaughter on March 30, 1990, and was thereafter sentenced to 20 years in the penitentiary. In addition, he was ordered to pay a fine of $200, court costs, restitution in the amount of $15,376.17, and $250 to the Victims' Compensation Fund. On direct appeal, the judgment of the circuit court was affirmed.
On April 19, 1991, following this Court's issuance of the certificate of judgment on April 5, 1991, the appellant appeared before the trial court on a motion to extend the appeal bond and a motion for reconsideration. The motions were granted by the trial court, and a hearing was set for a later date. On June 18, 1991, after a hearing on the motion to reconsider, the trial court entered the following order:
 "Defendant appeared this date for reconsideration. The Defendant is a junior at Alabama State University. The Court re-sentenced the defendant to 15 years to the Dept. of Corrections pursuant to the Split Sentence Act, SUSPENDED. Defendant to serve 2 full years at the Montgomery Co. Jail. The Court ordered defendant released from jail for school Monday through Friday from 8:00 a.m. to 1:30 p.m. The Defendant is ordered to *Page 449 
pay court costs, $50 to Victims' Compensation Fund, restitution $15,376.17. No attorney fees in this case. The defendant must retain a ('C') average in school. Defendant told of right to appeal."
On June 18, 1991, following resentencing, the appellant tested positive on a drug screen administered by the probation officer. The following day, the trial court set aside the sentence imposed on June 18, 1991, and "re-imposed the original sentence of April 12, 1990, with all original terms and conditions in effect, due to misinformation given at hearing June 18, 1991."
The appellant filed a motion for rehearing in the trial court on June 21, 1991. On August 8, 1991, the following entry is recorded on the trial court's case action summary:
 "A Motion for Rehearing was held this date. The Court DENIED motion and set aside any reconsideration and imposed original sentence. The Defendant gave oral notice of appeal. The state recommended no appeal bond. The Court ordered $70,000 appeal bond."
The appeal referenced in the August 8 entry was docketed in this Court on August 14, 1991.
Based on the facts as set out above, the trial court was without authority to amend the original sentence. The trial judge lost all jurisdiction to modify the original sentence 30 days after its imposition. If a motion for a new trial or a request to modify a sentence is not filed within 30 days of sentencing, the trial court loses all jurisdiction to modify the sentence. Ex parte Hayden, 531 So.2d 940 (Ala. 1988); Rule 13, A.R.Cr.P.Temp., now Rule 24, A.R.Cr.P. See also Hill v.State, 562 So.2d 1386 (Ala.Cr.App. 1990).
For the above stated reasons, the trial court's resentencing order of June 18, 1991, attempting to reduce and modify the original sentence was a nullity as was the order of June 19, 1991, reimposing the original sentence. Consequently, the original sentence of 20 years' imprisonment still stands. This Court also notes that because the judgment of conviction was affirmed on appeal, the trial court had no authority to extend the appellant's appeal bond following this Court's issuance of the certificate of judgment, after which time the appellant was under a duty to surrender himself to the sheriff in compliance with § 12-22-244, Code of Alabama 1975; Peters v. State,30 Ala. App. 279, 4 So.2d 514 cert. denied, 242 Ala. 29,4 So.2d 516 (1941). This appeal is therefore due to be, and it is hereby, dismissed.
APPEAL DISMISSED.
All Judges concur. *Page 936