Dennis James Davis was sentenced to a split sentence on April 21, 1988, was ordered to serve three years in prison, was placed on five years' probation, and the remaining sentence was suspended. Davis served three years in prison and was placed on probation. His probation was revoked on March 9, 1993. At the time his probation was revoked, according to the record, Davis was given credit for the three years, five months and seven days previously served on his sentence. Davis did not appeal his probation revocation.
On May 18, 1993, more than 30 days after his probation revocation, Davis filed an untimely motion for modification of his sentence; the trial court denied the motion. Because Davis had already served the minimum period of confinement, the trial court was without jurisdiction to consider the untimely motion for modification; therefore the order denying the motion was void and unappealable. § 15-18-8(c), Code of Alabama 1975.See also Massey v. State, 587 So.2d 448
(Ala.Crim.App. 1991) (trial court loses all jurisdiction to modify sentence if the request to modify a sentence is not filed within 30 days of sentencing).
Because the trial court was without jurisdiction to consider the untimely motion for modification, the last judgment in Davis's cause that would support an appeal was the March 9, 1993, probation revocation. Therefore, Davis's notice of appeal, purporting to appeal the denial of his motion seeking modification, which was filed more than 42 days after the probation revocation, was untimely as notice of appeal of the revocation of his probation. Woods v. State,609 So.2d 7 (Ala.Crim.App. 1992).
Davis's appeal is due to be dismissed because it was not based upon a final judgment, § 12-22-2, Code of Alabama 1975, and because no timely notice of appeal of his probation revocation was filed. Woods v. State, 609 So.2d 7
(Ala.Crim.App. 1992), and Rule 2, A.R.App.P.
APPEAL DISMISSED.
All the Judges concur. *Page 45