Anthony Wayne Phillips appeals from the circuit court's order increasing the confinement portion of his split sentence.
On May 21, 1997, Phillips pleaded guilty to burglary in the third degree, a violation of § 13A-7-7, Ala. Code 1975. The circuit court sentenced Phillips, as a habitual offender, to 15 years' imprisonment. Pursuant to the Alabama Split Sentence Act, § 15-18-8, Ala. Code 1975, the circuit court "split" Phillips's sentence into 180 days of confinement and 5 years of probation. On January 13, 1998, after Phillips had served the confinement portion of his sentence, Phillips's probation officer filed a "report on delinquent probationer," alleging that Phillips had violated his probation by committing several new criminal offenses. On that same date, an initial hearing was held, at which Phillips was informed of the alleged probation violations and was furnished with a written copy of the delinquency report. Counsel was appointed to represent Phillips, and a probation revocation hearing was set for February 27, 1998. The probation revocation hearing was subsequently continued to May 6, 1998, on which date Phillips appeared with counsel. The case action summary contains an entry by the circuit court dated May 6, 1998, indicating that "by agreement" the probation revocation proceeding was dismissed with prejudice, conditioned on Phillips's serving an additional two years' imprisonment under the confinement portion of his split sentence. (C. 8.) On May 19, 1998, Phillips filed a notice of appeal from the circuit court's order.
Phillips's counsel on appeal has filed a "no-merit" brief, see Anders v. California, 386 U.S. 238, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), in which counsel states that, upon review of the record, he can find no issue that warrants reversal of the circuit court's judgment. Phillips, however, acting pro se, has presented his counsel and this court with several issues. Although not artfully drafted, Phillips's issues can fairly be said to present this court with the following questions for review:
 1. Did the circuit court have the authority to increase the confinement portion of Phillips's split sentence by an additional two years without conducting a probation revocation proceeding?
 2. If the circuit court can increase the confinement portion of a defendant's split sentence only upon conducting a probation revocation proceeding, did Phillips voluntarily and knowingly waive his right to a revocation hearing under Rule 27.5(b), Ala.R.Crim.P.?
 3. If the circuit court increased the confinement portion of Phillips's split sentence after Phillips voluntarily and knowingly waived his right to a revocation hearing, did the circuit court's order of May 6, 1998, satisfy the "written order" requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975)?[1]
The circuit court's order purporting to increase the confinement portion of Phillips's split sentence was entered more *Page 65 
than 12 months after Phillips's sentence was originally imposed — long past the period during which the circuit court had jurisdiction to modify Phillips's sentence either pursuant to a motion to modify or "ex mero motu." Hollins v. State, [Ms. CR-97-1526, October 2, 1998] 737 So.2d 1056 (Ala.Cr.App. 1998). SeeEx parte Hayden, 531 So.2d 940, 941 (Ala.Cr.App. 1988) ("Since there was no motion for new trial or request to modify sentence filed with 30 days of sentencing, the trial judge lost all jurisdiction to modify the defendant's sentence."). The only manner in which the circuit court could properly exercise jurisdiction to increase the confinement portion of Phillips's split sentence was through a probation revocation proceeding.[2] In Leonard v. State,686 So.2d 554 (Ala.Cr.App. 1996), this court held:
 "When a split sentence is imposed and the period for filing a petition to modify a sentence has expired, in order for the trial court to revoke probation and impose the original sentence of imprisonment, the procedural due process rights of the defendant must be protected; the court must conduct a proper revocation proceeding."
686 So.2d at 555. In Phillips's case, the circuit court, in its order of May 6, 1998, did not order execution of the full 15-year sentence originally imposed at Phillips's sentencing, but instead continued the split sentence and increased the confinement portion by an additional 2 years. The circuit court had authority to do this, if it did so pursuant to a proper probation revocation proceeding. Under § 15-22-54(d)(2), Ala. Code 1975, if the court revokes probation, it may impose the full sentence originally imposed "or any lesser sentence, including any option listed in subdivision (1) [of § 15-22-54(d)]."[3] (Emphasis added.) Thus, we must determine whether the proceeding in this case constituted a proper probation revocation proceeding.
In Hollins, supra, this court stated, "Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510 (Ala.Cr.App. 1990)." See also Rule 27.6, Ala.R.Crim.P. Pursuant to Rule 27.5(b), Ala.R.Crim.P., a probationer may waive his right to a revocation hearing if:
 "(1) The probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon; and
 "(2) The probationer admits, under the requirements of Rule 27.6(c), that he committed the alleged violation."
The record discloses that Phillips did not have a probation revocation hearing and that, in fact, the circuit court "dismissed" the revocation proceeding before any such hearing could be held. The record does not reflect that Phillips waived his right to a revocation hearing. While the case action summary indicates that the probation revocation proceeding was dismissed "by agreement," there is nothing in the record showing that this "agreement" was reached through compliance with Rule 27.5(b), Ala.R.Crim.P. Moreover, Phillips insists that he did not voluntarily and knowingly waive his right to a probation revocation hearing.
Under the circumstances, it is necessary to remand this case to the circuit court to *Page 66 
determine whether Phillips voluntarily and knowingly waived his right to a probation revocation hearing. On remand, the circuit court shall make specific findings as to whether Phillips waived his right to a revocation hearing in compliance with Rule 27.5(b), Ala.R.Crim.P.
If the circuit court finds that Phillips voluntarily and knowingly waived his right to a revocation hearing, the circuit court shall enter a probation revocation order that specifically states the evidence relied upon and the reasons for revoking Phillips's probation in compliance with the "written order" requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975). The circuit court's order of May 6, 1998, does not satisfy these requirements.
If the circuit court finds that Phillips did not voluntarily and knowingly waive his right to a revocation hearing, the circuit court shall set aside its order increasing the confinement portion of Phillips's split sentence and conduct a probation revocation hearing. In conducting the revocation hearing, the circuit court must comply with the due process requirements set forth inMorrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484
(1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973); and Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975). As we noted above, if the circuit court conducts a probation revocation hearing and then revokes Phillips's probation, it is not required to order execution of the full 15-year sentence originally imposed at Phillips's sentencing, but may impose any lesser period of confinement authorized by law.
REMANDED WITH DIRECTIONS.
McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] Phillips raises several other issues, none of which is preserved for our review. Puckett v. State, 680 So.2d 980
(Ala.Cr.App. 1996).
[2] We are quick here to distinguish between the confinement portion of a split sentence and the full sentence originally imposed at sentencing. It is well settled that the length of the full sentence originally imposed at sentencing may not be increased upon revocation of probation. Parker v. State,648 So.2d 653, 656 (Ala.Cr.App. 1994).
[3] Upon revocation of the probation of a defendant sentenced under the Split Sentence Act, if the circuit court does not order execution of the full sentence originally imposed at sentencing, but instead continues the split sentence and increases the confinement portion of the split sentence, the total length of the confinement portion of the split sentence may not exceed three years. See Havis v. State, 710 So.2d 527, 528-29 (Ala.Cr.App. 1997); § 15-18-8(a), Ala. Code 1975. The total length of the confinement portion of the sentence in this case, as increased, did not exceed three years.