On October 23, 1997, O. P. Hollis pleaded guilty to the possession burglary tools and two counts of second-degree theft of property. The trial court imposed, for each conviction, a sentence of 15 years in prison; it then split the sentences and ordered Hollis to serve 2 years on each charge to be followed by probation. The remaining portions of the sentences were suspended. The trial court ordered the three sentences to run concurrently.
On August 11, 2000, Hollis was indicted for first-degree theft of property. On September 26, 2001, pursuant to a negotiated plea agreement, Hollis pleaded guilty to first-degree theft of property. The trial court sentenced him, as an habitual offender, to serve 20 years in prison. See
§ 13A-5-9(c)(2), Ala. Code 1975. The trial court split the sentence, ordered Hollis to serve four years in prison, and suspended the remainder of the sentence. Additionally, during the sentencing proceedings, the trial court revoked Hollis's probation in his three prior convictions and reinstated the remaining portions of his concurrent 15-year sentences, "modified" the sentences, split those sentences, and ordered Hollis to serve four years in prison on each count, to run concurrently with the four years he was to serve on his most recent first-degree-theft-of-property conviction. The trial court also gave Hollis credit for time served for the two years he had served in prison before he was released on probation, effectively reinstating the suspended portion of his sentence. The trial court ordered that the four-year "to serve" portions of Hollis's reinstated sentences be credited with the two years he had already served. This appeal followed.
Hollis argues on appeal that the trial court erroneously modified the suspended portions of his prior 15-year sentences. Specifically, he claims that § 15-18-8(a)(1), Ala. Code 1975, allows the trial court only to order him to serve 3 years, rather than 4 years, of a 15-year sentence. The State argues that Hollis's illegal-sentencing claim is not properly before this Court because Hollis did not preserve it by first raising it in the trial court.
Initially, we note that a trial court does not have jurisdiction to impose a sentence not provided for by statute. Therefore, as an issue concerning subject-matter jurisdiction, "[a]n illegal sentence may be challenged at any time.'" Johnson v. State, 722 So.2d 799, 800
(Ala.Crim.App. 1998) (quoting J.N.J., Jr. v. State, 690 So.2d 519, 520
(Ala.Crim.App. 1996)). See also Hunt v. State, 659 So.2d 998, 999
(Ala.Crim.App. 1994) ("Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.").
Second, § 15-18-8(c), Ala. Code 1975, provides:
 "Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall *Page 7 
retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation."
(Emphasis added.) See also Davis v. State, 644 So.2d 44, 44
(Ala.Crim.App. 1994) ("Because Davis had already served the minimum period of confinement, the trial court was without jurisdiction to consider the untimely motion for modification; therefore the order denying the motion was void and unappealable. § 15-18-8(c), Ala. Code 1975. See also Massey v. State, 587 So.2d 448 (Ala.Crim.App. 1991) (trial court loses all jurisdiction to modify sentence if the request to modify a sentence is not filed within 30 days of sentencing).").
Although the trial court retained jurisdiction over the split sentences throughout Hollis's period of confinement, it no longer had jurisdiction over the sentences after he was released. Therefore, it was not within the purview of the trial court to alter or amend Hollis's original sentences. Its only sentencing option was to impose that portion of the sentence that had been suspended at the original hearing — 13 years. See § 15-22-54(e)(2), Ala. Code 1975. The trial court did not have jurisdiction to alter or amend the reinstated balance sentence of 13 years, that is, to suspend or split the remaining 13-year sentence.[1]
For the reasons stated above, this cause is remanded for the trial court to vacate its sentencing order of September 26, 2001. The trial court is to reinstate the balance of Hollis's original sentences — 13 years in each case, to run concurrently, and is not to otherwise modify or alter the sentence in this case. The trial court shall make due return to this court of its amended sentencing order within 42 days of this opinion. *Page 8 
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Shaw and Wise, JJ., concur; Baschab, J., concurs in the result.
[1] We point out that, even if the circuit court had had jurisdiction, that is, even if these proceedings had occurred while Hollis was still serving his original minimum period of confinement, see, e.g., Hendersonv. State, 766 So.2d 217 (Ala.Crim.App. 2000), the trial court imposed too many years' confinement when it, upon revocation of Hollis's probation in these cases, reinstated the sentences, split them again with four years to serve concurrently in each case, and suspended the remainders. Section15-18-8(a)(1) states, in pertinent part:
 "(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
 "(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. . . ."
The 4-year period of confinement alone exceeded the statutory maximum of 3 years allowed for a sentence up to 15 years. Additionally, the four-year period of confinement, added to the two years that Hollis had already served, yields a total confinement period of six years, twice that allowed by statute. See Phillips v. State, 755 So.2d 63
(Ala.Crim.App. 1999) (citing Havis v. State, 710 So.2d 527
(Ala.Crim.App. 1997), and § 15-18-8(a), Ala. Code 1975). Therefore, the trial court, in again splitting Hollis's three sentences from his 1997 convictions upon revocation of his probation, could sentence him to serve only a maximum of one year, because one year brings Hollis's total time of confinement on each of these charge to three years, the maximum allowed by statute.