On June 7, 2002, the appellant, Eric Dixon, pled guilty to one count of unlawful possession of a controlled substance and two counts of first-degree unlawful possession of marijuana. The trial court sentenced him to serve concurrent terms of ten years in prison, but split his sentences and ordered him to serve fifteen months followed by five years on supervised probation. In 2004, revocation proceedings were initiated. After conducting a revocation hearing, the circuit court revoked the appellant's probation and reinstated his original sentences. It then split those sentences and ordered him to serve an additional twenty-four months followed by three years on probation. This appeal followed.
 I.
The appellant argues that the circuit court erroneously imposed split sentences in his cases after it revoked his probation. Specifically, he contends that *Page 294 
he should have been allowed to serve his original sentences because he indicated that he wanted to decline the split sentences.
Initially, we must determine whether the circuit court had the authority to impose split sentences after it revoked the appellant's probation. In its written revocation order, the circuit court noted that the appellant had already served fifteen months. In Hollis v. State, 845 So.2d 5, 6-7 (Ala.Crim.App. 2002), we held:
 "[A] trial court does not have jurisdiction to impose a sentence not provided for by statute. Therefore, as an issue concerning subject-matter jurisdiction, "`[a]n illegal sentence may be challenged at any time."' Johnson v. State, 722 So.2d 799, 800
(Ala.Crim.App. 1998) (quoting J.N.J., Jr. v. State, 690 So.2d 519, 520 (Ala.Crim.App. 1996)). See also Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App. 1994) (`Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.').
"Second, § 15-18-8(c), Ala. Code 1975, provides:
 "`Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.'
"(Emphasis added.) See also Davis v. State, 644 So.2d 44, 44
(Ala.Crim.App. 1994) (`Because Davis had already served the minimum period of confinement, the trial court was without jurisdiction to consider the untimely motion for modification; therefore the order denying the motion was void and unappealable. § 15-18-8(c), Ala. Code 1975. See also Massey v. State,587 So.2d 448 (Ala.Crim.App. 1991) (trial court loses all jurisdiction to modify sentence if the request to modify a sentence is not filed within 30 days of sentencing).').
 "Although the trial court retained jurisdiction over the split sentences throughout Hollis's period of confinement, it no longer had jurisdiction over the sentences after he was released. Therefore, it was not within the purview of the trial court to alter or amend Hollis's original sentences. Its only sentencing option was to impose that portion of the sentence that had been suspended at the original hearing — 13 years. See § 15-22-54(e)(2), Ala. Code 1975. The trial court did not have jurisdiction to alter or amend the reinstated balance sentence of 13 years, that is, to suspend or split the remaining 13-year sentence."
Quoting § 15-18-8(c), Ala. Code 1975, in Hollis, this court held that the circuit court loses jurisdiction over a defendant's split sentence once the defendant completes the period of incarceration. However, a closer reading of § 15-18-8(c), Ala. Code 1975, makes it clear that this section merely authorizes a circuit court to suspend any portion of the period of confinement, to modify the conditions of probation, and to revoke probation even if the defendant had not begun serving his period of confinement or if the defendant is currently serving his period of confinement. Section 15-18-8(c), Ala. Code 1975, does not address the alternatives available to a circuit court when it finds that a defendant has violated the terms and conditions of his probation and does not address the circuit court's jurisdiction over a *Page 295 
defendant who has served the period of confinement. Rather, as we discuss below, § 15-22-54(d), Ala. Code 1975, provides for the initiation of revocation proceedings against a defendant who is on probation and sets forth the alternatives available to a circuit court when it finds that a defendant has violated the terms and conditions of his probation.
In reaching the decision in Hollis, this court relied onDavis v. State, 644 So.2d 44 (Ala.Crim.App. 1994). However,Davis dealt with a circuit court's authority to entertain a motion to modify a sentence that Davis filed more than thirty days after his probation had been revoked and after he had already completed serving his minimum period of incarceration. Because it did not address the circuit court's jurisdiction over a split sentence during revocation proceedings, we erroneously relied upon Davis in reaching our conclusion in Hollis.
In Hollis, this court also relied on Massey v. State,587 So.2d 448 (Ala.Crim.App. 1991), in which we held that, absent the filing of a motion for a new trial or a motion to modify a sentence within thirty days after sentencing, a trial court loses jurisdiction to amend an original sentence thirty days after the sentence is imposed. However, Massey did not involve the court's modification of the terms and conditions of probation or a split sentence during revocation proceedings. Therefore,Massey does not support the proposition for which we cited it in Hollis.
Further, in Hollis, this court held that, pursuant to §15-22-54(d)(2), Ala. Code 1975, when a circuit court finds that a defendant has violated the terms and conditions of his probation, that court may only reinstate the suspended portion of the original term of confinement.[1] However, this holding ignores the remaining language of § 15-22-54(d), Ala. Code 1975, which provides, in pertinent part:
 "(1) If the defendant violates a condition of probation or suspension of execution of sentence, the court, after a hearing, may implement one or more of the following options:
 "a. Continue the existing probation or suspension of execution of sentence.
 "b. Issue a formal or informal warning to the probationer that further violations may result in revocation of probation or suspension of execution of sentence.
 "c. Conduct a formal or informal conference with the probationer to reemphasize the necessity of compliance with the conditions of probation.
 "d. Modify the conditions of probation or suspension of execution of sentence, which conditions may include the addition of short periods of confinement.
 "e. Revoke the probation or suspension of execution of sentence.
 "(2) If the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence, including any option listed in subdivision (1)."
(Emphasis added.)
Finally, the opinion in Hollis ignores previous cases in which we recognized a circuit court's authority to split a defendant's sentence after it revokes the defendant's probation. In Parker v. State, 648 So.2d 653, 654-56 (Ala.Crim.App. 1994), we *Page 296 
addressed the circuit court's authority to impose a split sentence after it revokes the defendant's probation as follows:
 "This is an appeal from a revocation of probation. The appellant, Samuel Labarron Parker, contends that the circuit court was without authority to increase his term of confinement in the penitentiary upon the revocation of his probation.
 "In 1991, the appellant pleaded guilty to and was convicted of, possession of a forged instrument in the second degree. His sentence of five years' imprisonment was suspended and he was placed on probation. In February 1994, the appellant was arrested on a charge of kidnapping. His probation was revoked in March 1994, based on evidence that he had committed a kidnapping and a burglary. After revoking his probation, the circuit court ordered the appellant to serve a `split' sentence on his 1991 possession case.
 ". . . .
 ". . . [A] reading of Ala. Code 1975, § 15-22-54, makes it clear that the trial court did have the authority to `split' the appellant's original sentence on revocation of probation. Section 15-22-54(d), Ala. Code 1975, in pertinent part, provides:
 "`(2) If the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence. . . .
 "`(3) If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation. Full credit shall be awarded for full-time confinement in facilities such as county jail, state prison, and boot camp. Credit for other penalties, such as work release programs, intermittent confinement, and home detention, shall be left to the discretion of the court, with the presumption that time spent subject to these penalties will receive half credit. The court shall also give significant weight to the time spent on probation in substantial compliance with the conditions thereof. The total time spent in confinement may not exceed the term of confinement of the original sentence.'
 "Construed in the context, the sentence `[t]he total time spent in confinement may not exceed the term of confinement of the original sentence,' clearly refers to the total time a defendant has spent in confinement — whether it be in full-time confinement in facilities such as county jail, state prison, and boot camp, or any `partial' confinement such as work release programs, intermittent confinement, and home detention, if awarded — and that such total time of confinement may not exceed the term of the defendant's original sentence. In other words, the length of a defendant's sentence . . . may not be increased after his probation is revoked."
Further, in Phillips v. State, 755 So.2d 63 (Ala.Crim.App. 1999), we addressed the circuit court's authority to increase the period of confinement on a split sentence. In that case, Phillips' probation officer filed a delinquency report after Phillips had already completed his minimum period of confinement. Subsequently, the circuit court noted on the case action summary sheet that the parties had agreed to dismiss the revocation proceeding based upon the condition that Phillips serve an additional two years of confinement under the split portion of his sentence. We subsequently addressed the circuit court's authority to increase the circuit court's confinement *Page 297 
portion of a split sentence as follows:
 "The circuit court's order purporting to increase the confinement portion of Phillips's split sentence was entered more than 12 months after Phillips's sentence was originally imposed — long past the period during which the circuit court had jurisdiction to modify Phillips's sentence either pursuant to a motion to modify or `ex mero motu.' Hollins v. State, 737 So.2d 1056 (Ala.Cr.App. 1998). See Ex parte Hayden, 531 So.2d 940, 941 (Ala.Cr.App. 1988) (`Since there was no motion for new trial or request to modify sentence filed with 30 days of sentencing, the trial judge lost all jurisdiction to modify the defendant's sentence.'). The only manner in which the circuit court could properly exercise jurisdiction to increase the confinement portion of Phillips's split sentence was through a probation revocation proceeding. In Leonard v. State, 686 So.2d 554
(Ala.Cr.App. 1996), this court held:
 "`When a split sentence is imposed and the period for filing a petition to modify a sentence has expired, in order for the trial court to revoke probation and impose the original sentence of imprisonment, the procedural due process rights of the defendant must be protected; the court must conduct a proper revocation proceeding.'
 "686 So.2d at 555. In Phillips's case, the circuit court, in its order of May 6, 1998, did not order execution of the full 15-year sentence originally imposed at Phillips's sentencing, but instead continued the split sentence and increased the confinement portion by an additional 2 years. The circuit court had authority to do this, if it did so pursuant to a proper probation revocation proceeding. Under § 15-22-54(d)(2), Ala. Code 1975, if the court revokes probation, it may impose the full sentence originally imposed `or any lesser sentence, including any option listed in subdivision (1) [of § 15-22-54(d)].'³ (Emphasis added.)
 "____________
 "³ Upon revocation of the probation of a defendant sentenced under the Split Sentence Act, if the circuit court does not order execution of the full sentence originally imposed at sentencing, but instead continues the split sentence and increases the confinement portion of the split sentence, the total length of the confinement portion of the split sentence may not exceed three years. See Havis v. State, 710 So.2d 527, 528-29 (Ala.Cr.App. 1997); § 15-18-8(a), Ala. Code 1975. The total length of the confinement portion of the sentence in this case, as increased, did not exceed three years."
755 So.2d at 64-65 (footnote omitted).
Based on the clear language set forth in § 15-22-54(d), Ala. Code 1975, and our holdings in Parker and Phillips, a circuit court has the authority to split a defendant's sentence after it revokes the defendant's probation, regardless of whether the defendant has completed serving his original period of confinement. Further, imposing a split sentence after revoking a defendant's probation would not alter or amend the original sentence imposed by the trial court. This court's holding inHollis that the circuit court may only impose the suspended portion of a sentence when it revokes the probation of a defendant who has completed serving his period of confinement is contrary to the statutory language set forth in § 15-22-54(d), Ala. Code 1975, and is not supported by our existing caselaw. Therefore, we hereby expressly overrule Hollis. Accordingly, the circuit court had the authority to split the appellant's sentences after it revoked his probation.
Next, we must determine whether a defendant has the authority to reject a *Page 298 
split sentence that is imposed after the defendant's probation has been revoked.
 "`A probation is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the court order is not effective or operative until it has been accepted by him. If he prefers to serve out his sentence, as originally imposed upon him, to a suspension of it by subjecting himself to the conditions nominated in the probation, he has the clear right to do so. But if he elects to accept the probation and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him. One of these conditions is that his sentence shall continue in fieri, and that the State shall have the power to execute it in full upon him should he forfeit the liberty and immunity conditionally secured to him by the order. That a convict having only a short time remaining of his sentence would make an unwise choice by accepting such probation upon onerous conditions for a breach of which he might years after be remanded to complete his sentence affords no argument against the constitutional integrity of the enactment.'
 "[Persall v. State,] 31 Ala.App. [309,] 313, 16 So.2d [332,] 335 [(1944)](emphasis added)."
Cannon v. State, 624 So.2d 238, 239 (Ala.Crim.App. 1993) (some emphasis added).
In this case, the appellant initially accepted the trial court's offer of a split sentence and availed himself of the liberty that the split sentence conveyed upon him. Consequently, he was bound by the conditions upon which such liberty was granted. One such condition was the circuit court's power to "[m]odify the conditions of probation or suspension of execution of sentence, which conditions may include the addition of shortperiods of confinement," in the event he violated the terms and conditions of his probation. § 15-22-54(d)(1)d., Ala. Code 1975 (emphasis added). Therefore, the appellant did not have the right to reject the split sentence the circuit court imposed after it found that he had violated the terms and conditions of his probation. Accordingly, his argument is without merit.
 II.
The appellant also argues that the circuit court erroneously imposed a twenty-four month period of confinement on his ten-year sentence. Specifically, he contends that, because he had previously served fifteen months, the imposition of an additional twenty-four months of confinement caused the total period of confinement in his case to exceed the maximum set forth in §15-18-8(a)(1), Ala. Code 1975. As we previously noted, the appellant had already served fifteen months. Therefore, when the circuit court ordered him to serve an additional twenty-four months, that increased the total period of confinement to thirty-nine months. However, § 15-18-8(a), Ala. Code 1975, provides, in pertinent part:
 "When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
 "(1) That the convicted defendant may be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years. . . ." *Page 299 
(Emphasis added.) In this case, the trial court sentenced the appellant to serve concurrent terms of ten years in prison. Therefore, the total period of confinement the circuit court could impose on his split sentences was three years, and the circuit court was not authorized to impose an additional period of confinement that would cause his total period of confinement to exceed three years. See Phillips, supra; Havis v. State,710 So.2d 527 (Ala.Crim.App. 1998). Because the additional twenty-four month period of confinement caused the appellant's total period of confinement to exceed the maximum set forth in §15-18-8(a)(1), Ala. Code 1975, we remand this case to the circuit court with instructions that that court set aside the additional twenty-four month period of confinement in each case. On remand, the circuit court may impose additional periods of confinement on his split sentences as long as the total period of confinement does not exceed the three-year maximum set forth in §15-18-8(a)(1), Ala. Code 1975. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the circuit court.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
[1] In Hollis, the court cites § 15-22-54(e)(2), Ala. Code 1975. However, § 15-22-54 does not contain a subpart (e). It appears that this is a typographical error and that the court was actually referring to § 15-22-54(d)(2), Ala. Code 1975.
* Note from the reporter of decisions: On April 8, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.