The appellant, Michael Lee Phillips, appeals the circuit court's revocation of his probation. On May 8, 2000, Phillips pleaded guilty to three counts of first-degree criminal mischief, two counts of third-degree burglary, one count of third-degree theft, and one count of second-degree escape. On June 15, 2000, the court sentenced Phillips to one year's imprisonment for the theft conviction, and to 10 years' imprisonment for each of the remaining convictions; the trial court ordered that the sentences were to run concurrently. The trial court then ordered that Phillips's sentences be split and that he serve 3 years' imprisonment. After giving Phillips credit for 7 months and 14 days of pretrial jail detention, the court suspended the balance of Phillips's confinement pending his good behavior for 5 years. Additionally, the court ordered Phillips to pay a $50 assessment to the crime victims compensation fund, $400 to the fund established to pay the fees of attorneys for indigent defendants, and court costs. Although Phillips filed a notice of appeal, he later moved to dismiss his appeal.[1]
Phillips's probation officer filed a delinquency report, alleging that Phillips had violated the terms and conditions of his probation. On January 16, 2004, Phillips appeared before the trial court and confessed that the State could prove that he had violated the terms and conditions of his probation. Specifically, Phillips admitted that he had made harassing telephone calls to Brenda Hassell and Jessica Hassell in an attempt to force them to drop an ongoing criminal case against him. During the telephone calls, Phillips made threats of bodily harm to the Hassells if the charges were not dropped. On that basis, the trial court partially revoked Phillips's probation for the 6 felony convictions[2] and ordered him to serve 18 months' imprisonment. Additionally, the trial court ordered that Phillips complete a substance-abuse program while incarcerated.
On July 12, 2004, Phillips filed a motion requesting that his probation be reinstated. On July 29, 2004, the trial court granted his motion and amended its order of January 16, 2004. In the amended order, the trial court amended Phillips's 18-month sentence to time served and reinstated Phillips's probation. The trial court also ordered Phillips to pay $50 monthly to pay his assessments and court costs. Additionally, the trial court ordered that any violation of the terms and conditions of Phillips's probation in the future would result in the trial court's ordering that his sentences were to run consecutively.
On September 24, 2004, a delinquency petition was filed recommending that Phillips's probation be revoked on the grounds that he had been charged with two new criminal offenses, namely, intimidating a witness and conspiracy to commit murder. A probation revocation hearing was held on October 26, 2004, and on November 17, 2004, the trial court issued a written revocation order remanding Phillips into custody and ordering that he serve a sentence of three years' imprisonment for each of the six felony convictions. Additionally, the court ordered that the sentences were to run consecutively. This appeal followed.
Phillips argues that the trial court "abused its discretion" and "impose[d] an illegal sentence by ordering . . . that the *Page 167 
defendant's already split sentences be split again and by ordering concurrent sentences be run consecutive[ly]."
Section 15-22-54(d)(2), Ala. Code 1975, provides that if the trial court revokes probation, it may, after a hearing, impose the original sentence that had been suspended or any lesser sentence. In the instant case, Phillips was sentenced under §15-18-8, Ala. Code 1975, the Split Sentence Act. Pursuant to our recent decision in Dixon v. State, 912 So.2d 292
(Ala.Crim.App. 2005), Phillips's period of confinement could not exceed 3 years — the maximum set forth in § 15-18-8(a)(1) where the sentence imposed is not more than 15 years. See Phillips v.State, 755 So.2d 63 (Ala.Crim.App. 1999); Havis v. State,710 So.2d 527 (Ala.Crim.App. 1998). Because the trial court's revocation order imposing an additional three-year term of imprisonment for each felony conviction neglected to take into consideration the time Phillips had already served,[3] the total period of confinement ordered exceeded the three-year maximum allowed under § 15-18-8(a)(1), Ala. Code 1975. Dixon v.State, 912 So.2d at 298. Therefore, Phillips must be resentenced.
Phillips also argues that the trial court erred in ordering that his sentences run consecutively rather than concurrently — as originally ordered. We agree. In Moore v. State,814 So.2d 308, 310 (Ala.Crim.App. 2001), this court held that while Rule 26.12, Ala.R.Crim.P., allows a trial judge the discretion to "`at any time, amend a sentence order to permit a sentence to run concurrently with another sentence,'" Rule 26.12 does not "authorize the trial court to amend a sentence order to change a concurrent sentence to a consecutive sentence." Thus, the trial court erred when it ordered that Phillips's original concurrent sentences were to run consecutively.
Based on the foregoing, we remand this case to the trial court with instructions that the court enter a new revocation order. On remand, the trial court may impose additional periods of confinement on Phillips split sentence so long as the total period of confinement does not exceed the three-year maximum provided in § 15-18-8(a)(1), Ala. Code 1975.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include a transcript of any remand proceedings conducted by the trial court.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] On August 29, 2000, this Court granted Phillips's motion to dismiss his appeal.
[2] Phillips had already completed his one-year sentence for the third-degree theft conviction, a misdemeanor.
[3] As best we are able to determine from the record, Phillips is due to have the following terms of incarceration credited against whatever sentence the court imposes: (1) 7 months and 14 days of pretrial jail confinement referenced in the court's June 15, 2000, sentencing orders; (2) the period of confinement served as a result of the court's January 16, 2004, revocation orders; and (3) the 57 days referenced in the court's October 26, 2004, orders. See Phillips v. State, 755 So.2d at 65 n. 3.
* Note from the reporter of decisions: On December 16, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 168