SHAW, Judge.
Julius LaRosa Gray appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked the revocation of his probation.
In December 2003 Gray pleaded guilty to third-degree robbery and was sentenced to 15 years’ imprisonment; the sentence was split, and he was ordered to serve 90 days in confinement followed by 3 years’ probation. In March 2004, Gray’s probation officer filed a delinquency report, and Gray “confessed revocation” and was ordered to serve six months in confinement. (C. 4.) Gray’s probation officer filed another delinquency report in October 2004 and a supplemental delinquency report in November 2004. After taking testimony, the trial court determined that Gray had violated the terms and conditions of his probation, and on November 17, 2004, it revoked Gray’s probation and ordered Gray to serve five years’ imprisonment. The trial court credited Gray with 7 months and 19 days of confinement, thus leaving Gray with over 4 years of confinement to serve upon revocation. Gray did not appeal the November 2004 revocation of his probation.
Gray filed his Rule 32 petition on July 14, 2005.[1] In his petition, Gray alleged that the trial court lacked jurisdiction to order him to serve five years in prison upon the revocation of his probation in November 2004 and that that sentence exceeded the maximum authorized by law pursuant to § 15-18-8, Ala.Code 1975.[2] After receiving a response from the State, the circuit court summarily denied the petition on August 18, 2005.
Initially, we note that Gray contends for the first time on appeal that only the sentencing judge or presiding judge of the circuit has jurisdiction to rule on a Rule 32 petition and that the circuit judge who ruled on his Rule 32 petition was neither the sentencing judge nor the presiding judge of the circuit and thus lacked jurisdiction to deny his petition. Although only the sentencing judge or the presiding judge of a circuit has jurisdiction to review a motion for resentencing filed pursuant to § 13A-5-9.1, Ala.Code 1975, see Holt v. State, [Ms. CR-04-1250, December 23, 2005] (Ala.Crim.App.2006), and the cases cited therein, nothing in Rule 32 deprives a circuit judge who is not the sentencing judge or presiding judge of jurisdiction to review a Rule 32 petition. To the contrary, Rule 32.6(d) provides that a Rule 32 petition “shall be assigned to the sentencing judge where possible, but for good cause the proceeding may be assigned or transferred to another judge.” (Emphasis *964 added.) Thus, Rule 32.6(d) allows for a Rule 32 petition to be assigned to a judge other than the sentencing or presiding judge, and Gray’s argument to the contrary is meritless.
The State concedes, and we agree, that Gray is entitled to relief on his illegal-sentence claim because the total period of confinement imposed by the trial court exceeded the maximum period of confinement allowed for a sentence of 15 years or less under § 15-18-8. At the time of Gray’s probation revocation, § 15-18-8(a)(l) provided, in pertinent part:[3]
“(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:
“(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best....”
(Emphasis added.) Section 15-22-54(d)(2), Ala.Code 1975, provides that “[if] the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence.” Thus, “a circuit court has the authority to split a defendant’s sentence after it revokes the defendant’s probation.” Dixon v. State, 912 So.2d 292, 297 (Ala.Crim.App.2005). However, if the court chooses to split a sentence upon revocation, the total length of the confinement portion of the split sentence may not exceed the maximum allowed by § 15-18-8. See, e.g., Phillips v. State, 755 So.2d 63, 65 n. 3 (Ala.Crim.App.1999), and Havis v. State, 710 So.2d 527, 528 (Ala.Crim.App.1997).
In Phillips v. State, 932 So.2d 165 (Ala.Crim.App.2005), this Court addressed an issue similar to the issue presented here:
“Section 15-22-54(d)(2), Ala.Code 1975, provides that if the trial court revokes probation, it may, after a hearing, impose the original sentence that had been suspended or any lesser sentence. In the instant case, Phillips was sentenced under § 15-18-8, Ala.Code 1975, the Split Sentence Act. Pursuant to our recent decision in Dixon v. State, 912 So.2d 292 (Ala.Crim.App.2005), Phillips’s period of confinement could not exceed 3 years — the maximum set forth in § 15-18-8(a)(l) where the sentence imposed is not more than 15 years. See Phillips v. State, 755 So.2d 63 (Ala.Crim.App.1999); Havis v. State, 710 So.2d 527 (Ala.Crim.App.1998). Because the trial court’s revocation order imposing an additional three-year term of imprisonment for each felony conviction neglected to take into consideration the time Phillips had already served, the total period of confinement ordered exceeded the three-year maximum allowed under § 15-18-8(a)(l), Ala.Code 1975. Dixon v. State, 912 So.2d at 299. Therefore, Phillips must be resentenced.”
932 So.2d at 167 (footnote omitted).
Here, the five-year period of confinement imposed on Gray upon revocation of his probation exceeded the maximum *965 three-year period of confinement allowed by § 15-18-8 and, although the court credited Gray with 7 months and 19 days of confinement, it appears that Gray had actually served 9 months in confinement (3 months of confinement imposed at the original sentencing and 6 months of confinement imposed upon the first revocation of Gray’s probation), and the sentence still left Gray with over 4 years of confinement to serve. Thus, the additional five years of confinement imposed upon revocation of Gray’s probation resulted in an illegal sentence, and Gray is entitled to be resen-tenced.[4]
Based on the foregoing, we remand this case for the circuit court to grant that portion of Gray’s petition challenging the sentence imposed upon revocation of his probation, to vacate that sentence, and to resentence Gray in accordance with this opinion. In resentencing Gray, the court may either (1) impose an additional period of confinement on Gray’s split sentence, so long as the total period of confinement (including the period Gray has already served) does not exceed the three-year maximum set forth in § 15-18-8(a)(1), or (2) impose the original sentence that had been suspended. See § 15—22—54(d)(2). Return to remand shall be filed with this Court within 42 days of the release of this opinion and shall include a transcript of the remand proceedings conducted by the circuit court.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. Although not entirely clear, it appears that Gray originally filed his petition in April 2005 and that that petition was denied by the circuit court on April 21, 2005. Gray then refiled the same petition on July 14, 2005. It is from the denial of the July 14, 2005, petition that Gray now appeals.

. Gray also checked the following grounds for relief on the Rule 32 form: that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him and that he had been denied the effective assistance of counsel. However, Gray does not pursue these claims on appeal. Therefore, we will not consider them. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (“We will not review issues not listed and argued in brief.”).

. Section 15-18-8 was amended effective October 1, 2005.

. We note that Gray also argues for the first time on appeal that the trial court erred in imposing a split sentence upon revocation of his probation without first obtaining his consent. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.” Arrington v. State, 716 So.2d 237, 239 (Ala.Crim.App.1997). Because this claim was not included in Gray's petition, it is not properly before this Court for review. Moreover, even if this claim were properly before us, we would find it meritless because a defendant does not have the right to reject a split sentence imposed after revocation of probation. See Dixon, supra.