The appellant, Daniel Olin Smitherman, appeals the trial court's revocation of his probation in four cases. On February 1, 2002, Smitherman pleaded guilty to attempted possession or receipt of a controlled substance (CC-01-3351, "case 1"). The trial court sentenced him to five years' imprisonment; that sentence was split, and he was ordered to serve six months of the sentence in a jail-like facility and the balance was suspended, followed by five years' probation. The court also gave Smitherman credit for one year and 12 days he had spent in jail.
On August 30, 2002, Smitherman pleaded guilty to three additional offenses: second-degree theft of property (CC-02-1736, "case 2"), third-degree burglary (CC-02-1737, "case 3"), and second-degree theft of property (CC-02-1739, "case 4"). The trial court sentenced him to 10 years' imprisonment for each conviction; these sentences were also split, and he was ordered to serve three years to be served in a jail-like facility. The court suspended the custodial portion of each sentence for five years, during which time Smitherman was to be on formal probation and after which, if he abided by the terms of probation, the custodial portion would be suspended for two additional years of probation and then suspended entirely. On March 31, 2005, the court reconsidered Smitherman's sentences in cases 2, 3, and 4. The court then amended the split portion of the sentences to "time served in jail" and extended Smitherman's probation three years from the date of the amendment.
On May 30, 2003, Smitherman's probation officer filed a delinquency report in all four cases. The basis of this report is not clear because a copy of the report is not included in the record on appeal. On June 20, 2003, Smitherman confessed that the State's proof of violation was sufficient, and the trial court revoked his probation. The court ordered that each of Smitherman's sentences was "split to serve 18 months" in confinement and that each case was "to run concurrent." The court credited Smitherman with two months and 24 days of jail time in case 1, with three months and 14 days of jail time in case 2, and with nine months and 10 days of jail credit in cases 3 and 4.
On November 30, 2005, Smitherman's probation officer filed a second delinquency report in all four cases, charging Smitherman with committing three new offenses, with failing to report, and with failing to pay court-ordered moneys and supervision fees. On January 23, 2006, *Page 807 
Smitherman confessed that the State's evidence of violation was sufficient, and the court revoked his probation in all four cases. The court ordered that Smitherman's sentence in each case was "split to serve 3 years." The court also gave him credit in all four cases for 73 days he had spent in jail on the new offenses. The court ordered Smitherman's sentence in case 1 "to run consecutive" with the sentence in case 2 and his sentences in cases 3 and 4 "to run concurrent" with the sentence in case 2.
 I.
Smitherman contends that the trial court erred in failing to give him full credit for all of the time he has served in jail. He states that a full accounting is "unavailable" but that a full accounting should not be required for this court to find error. The State agrees that the record is unclear as to the total amount of time Smitherman has already served and as to how it was calculated.[1] The State asks this court to remand this cause for clarification.
Section 15-22-54(d)(3), Ala. Code 1975, provides in part: "If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation." "Credit for time served upon revocation is mandatory."Walker v. State, 920 So.2d 592, 595
(Ala.Crim.App. 2005). Therefore, on remand the trial court must address the issues of how much time Smitherman spent in custody before the present revocation and clarify how the credit for the time he served was calculated.
 II.
Smitherman's second contention is that the trial court erred in ordering periods of confinement in the present revocation that exceeded the three-year maximum authorized under §15-18-8, Ala. Code 1975, for a split sentence. The State agrees that the total period of confinement in each of Smitherman's cases cannot exceed three years. The State asks this court to remand the case for the entry of a new revocation order and to permit the trial court, on remand, to impose additional periods of confinement up to the statutory maximum of three years.
Smitherman was sentenced under § 15-18-8, Ala. Code 1975, the Split Sentence Act. Section 15-18-8(a)(1) provides that a defendant may be confined for a period not exceeding three years when the sentence imposed is not more than 15 years. The trial court originally ordered Smitherman to serve six months in confinement on his five-year sentence and three years in confinement on each of his 10-year sentences. If the original term of confinement is less than three years, the court has the authority, upon revocation, to add an additional period of confinement, so long as the total period of confinement does not exceed three years.[2] See Dixon v. State,912 So.2d 292 (Ala.Crim.App. 2005) (holding that imposition of additional 24-month period *Page 808 
on confinement after revocation was illegal to the extent that the total period of confinement exceeded 3 years).
As we have previously noted, the total time Smitherman has served in confinement is unclear. However, the addition of three years of confinement to any time served exceeds the statutory maximum of three years. After the trial court has properly calculated the jail credit to which Smitherman is entitled, the court may impose additional periods of confinement for each case so long as the total term in each case does not exceed three years.
 III.
Smitherman's third contention is that the trial court erred in modifying, in the second revocation, the manner in which his sentences were to be served. He argues that the court imposed concurrent sentences in the first revocation hearing and, he says, the court could not revisit that decision in the second proceeding. The State, citing Phillips v. State,932 So.2d 165 (Ala.Crim.App. 2005), and Moore v. State,814 So.2d 308 (Ala.Crim.App. 2001), notes that Smitherman's sentences, which were imposed as concurrent sentences could not be amended from concurrent to consecutive sentences.
The decisions in Phillips and Moore, however, are inapplicable here. In both of those cases, the trial court changed a sentence that was originally ordered to run concurrently to a sentence that was to run consecutively. Rule 26.12(c), Ala. R.Crim. P., allows the trial court to "at any time by a nunc pro tunc order provide that previously imposed consecutive sentences run concurrently"; however, it does not authorize the court to amend a concurrent sentence to a consecutive sentence.
The trial court's original sentencing orders provided that Smitherman's sentences in cases 2, 3, and 4 were to run concurrently with each other, but they contained no provision with regard to how the sentences were to be served in conjunction with the sentence in case 1. Rule 26.12(a), Ala. R.Crim. P., provides that separate sentences imposed for two or more offenses shall run consecutively unless the judge directs otherwise at the time of sentencing. Because the trial court did not specify how Smitherman's sentences were to run, he was required to serve them consecutively.
Section 15-22-54(d)(2), Ala. Code 1975, provides that if the trial court revokes probation, it may, after a hearing, "imposethe sentence that was suspended at the originalhearing or any lesser sentence." (Emphasis added.) The trial court therefore had authority, in the second revocation proceeding, to impose the consecutive sentences that were originally imposed. The court's unsuccessful attempt at leniency in the first revocation proceeding did not affect its authority to reimpose the original sentences in a subsequent proceeding.
 IV.
For the foregoing reasons, we hereby remand this case to the trial court. On remand, the trial court is instructed to set out detailed findings as to how the court calculated the time Smitherman had served in jail and as to the total amount of jail time that is to be credited in each of his cases. The trial court also is instructed to enter a new revocation order, in which the court may impose additional periods of confinement on Smitherman's split sentences so long as the total period of confinement in each case does not exceed the three-year maximum set out in § 15-18-8(a)(1). A return should be filed with this court within 56 days of the release of this opinion. The return shall include a *Page 809 
transcript of any remand proceedings conducted by the trial court.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] It appears from the record that Smitherman is due to have, at a minimum, the following terms of incarceration credited against his sentences: case 1: one year and 12 days plus two months and 24 days plus 73 days; case 2: three months and 14 days plus 73 days; and cases 3 and 4: nine months and 10 days plus 73 days.
[2] See § 15-22-54(d)(2), Ala. Code 1975, which provides: "If the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence, including any option listed in subdivision (1)"; see also § 15-22-54(d)(1)d, which permits the trial court to "[m]odify the conditions of probation or suspension of execution of sentence, which conditions may include the addition of short periods of confinement."
* Note from the reporter of decisions: On November 30, 2006, this case was submitted on return to remand. By order issued December 18, 2006, the Court of Criminal Appeals again remanded the case to the trial court. On April 20, 2007, on return to second remand, the Court of Criminal Appeals affirmed, without opinion.